IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | |
|---|---|
| MARK FUNK, as Administrator of the Estate of Dorothy Funk, deceased; MARK FUNK as heir at law of his mother, Dorothy Funk; and ALAN FUNK as heir at law of his mother, Dorothy Funk, <br><br>    Plaintiffs, <br><br>v. <br><br>PINNACLE HEALTH FACILITIES XXXII, LP, d/b/a CLEARWATER NURSING & REHABILITATION CENTER; HACIENDA CARE XV LP; LIFE CARE CENTERS OF AMERICA, INC., d/b/a LIFE CARE CENTER OF ANDOVER; ANDOVER REAL ESTATE INVESTORS, LLC; and ANDOVER MEDICAL INVESTORS, LLC, <br><br>    Defendants. | ) ) ) ) ) ) Case No. 16:17-cv-01099-JTM-KGG ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT II OF PLAINTIFFS' PETITION AND TO DISMISS ALL CLAIMS AGAINST ANDOVER REAL ESTATE INVESTORS, LLC**

COME NOW Defendants Life Care Centers of America, Inc., d/b/a Life Care Center of Andover, Andover Real Estate Investors, LLC and Andover Medical Investors, LLC (hereinafter collectively "defendants"), by and through undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1, and hereby offer the following Memorandum in Support of its Motion to Dismiss Count II of Plaintiffs' Petition.

1. This action arises out of certain medical treatment and services provided by Defendants to Dorothy Funk the mother of plaintiff Mark Funk and Alan Funk. (First Amended Petition ¶22-50). In their First Amended Petition, Plaintiffs Mark Funk and Alan Funk seek to recover damages for the wrongful death of their mother. (First Amended Petition ¶51-53). Additionally, Mark Funk, as the administrator of Dorothy Funk's estate asserts a causes of action

for injuries and damages including pain and suffering that Dorothy Funk suffered during her lifetime as a result of the alleged medical negligence of Defendants--allegations which these defendants deny.  (First Amended Petition ¶ 49-50).

2. Plaintiffs originally filed the instant action on January 7, 2017 in the District Court of Sedgwick County, Kansas.  Plaintiff subsequently filed their First Amended Petition against all defendants on January 9, 2107 asserting a survival claim as well as a wrongful death claim.

4. In their First Amended Petition, Plaintiffs allege that Ms. Funk was admitted to Life Care Center of Andover on December 5, 2014 (First Amended Petition ¶23) and discharged from Defendants' facility on January 2, 2015 (First Amended Petition ¶ 45).  During this approximately one month time period, Plaintiffs allege that Defendants provided care and treatment to Ms. Funk which they ultimately claim was negligent--again allegations which these Defendants deny.  (First Amended Petition ¶22-50).

5. Specifically, Plaintiffs allege that Ms. Funk developed an infection in a surgical wound as well as fall which result in reversal of medical procedures designed to treat a previous multiple fracture of the left hip.  (First Amended Petition ¶45-46).

6. Plaintiff further allege that the diagnosis of an infection which allegedly developed as a result of Defendant's care and treatment occurred on January 2, 2015 and on that same date a plan was developed for surgery for definitive fixation including hardware removal and endoprosthesis of the left hip.  (First Amended Petition ¶45-46)

7. Absent from Plaintiff's First Amended Petition is any allegation that Defendants Life Care Centers of America, Inc., Andover Real Estate Investors, LLC and Andover Medical Investors, LLC provided any care and treatment to Ms. Funk after January 2, 2014.

8. According to the allegations contained within Plaintiffs' First Amended Petition, Ms. Funk underwent surgery on January 5, 2015 at Via Christi St. Francis. (First Amended Petition, ¶47) and ultimately passed away on January 7, 2015 as a result of complications from a left hip fracture. (First Amended Petition ¶48)

9. In their Petition, Plaintiffs also allege that Andover Real Estate Investors, LLC holds an interest in Life Care Center of Andover as it "own[s] the premises of Life Care Center of Andover and the facility thereon." (First Amended Petition ¶4).

10. Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). All well-pleaded facts must be taken as true, and all reasonable inferences must be indulged in favor of the plaintiff. *Id.*

11. A statute of limitations defense may be appropriately resolved on a Rule 12(b)(6) motion when the dates given in the complaint make clear that the right to sue upon has been extinguished. *Sierra Club v. Oklahoma Gas & Elec., Co.*, 816 F.3d 666, 671 (10th Cir. 2016).

12. Here, the well pleaded facts of Plaintiff's Petition establish that any claim for medical malpractice brought by or on behalf of Dorothy Funk or the Estate of Dorothy Funk is barred by the two year statute of limitations.

13. Pursuant to K.S.A. § 60-513(a)(7) any action arising out of the rendering of or failure to render professional services by a health care provider, not arising on contract shall be brought within two years. This includes any survival action on behalf of a decedent. *See Martin v. Neaik*, 297 Kan. 241, 300 P.3d 625, (2013).

14. Plaintiffs' allege in their First Amended Petition that Dorothy Funk was transferred from Life Care Center of Andover to Via Christi-St. Francis Emergency Department on January

2, 2015. (First Amended Petition ¶45). The last date that Defendants provided any care and treatment to Ms. Funk was on January 2, 2015. On that same date, Plaintiffs note that Dr. Enns indicated in his HPI that Ms. Funk had developed a superficial infection and a surgical scar and, further, that Ms. Funk's fall from her bed at the Andover facility on December 15, 2014 had damaged and effectively reversed the results of the successful surgery and fixation of the multiple fracture performed by Dr. Dart and Dr. Bye on December 2, 2014. (First Amended Petition ¶45-46).

15.     Plaintiffs further allege in their First Amended Petition that Dr. Enns' diagnosis on January 2, 2015 was that of a left TFN helical blade cutout and the plan was for definitive fixation which included hardware removal and endoprosthesis. (First Amended Petition ¶46). That surgery was performed on January 5, 2015. (First Amended Petition ¶47). The preoperative diagnosis was "left hip TFN failure with screw cutout." *Id*.

16.     Based solely on the allegations in Plaintiffs' Petition, Plaintiffs had notice of any alleged medical negligence of Defendants no later than January 5, 2015. On January 2nd, Dr. Enns' allegedly had diagnosed the presence of an infection and when surgery was performed on January 5th the preoperative diagnosis was left hip TFN failure with screw cut out." Furthermore, Defendants did not provide any additional medical treatment to Ms. Funk after January 2, 2015.

17.     Despite the fact that Ms. Funk had been discharged from Defendants' facility on January 2nd, been diagnosed with an infection that same day and ultimately had surgery on her left hip on January 5, 2015, Plaintiffs' did not file their Petition against Defendants alleging a claim for medical malpractice until January 7, 2017--over two years after Defendants provided any care to Ms. Funk.

18. Based on the allegations contained within the Petition, Plaintiffs cannot maintain a cause of action against Defendants for any survival claim on behalf of Ms. Funk as a matter of law, and dismissal, with prejudice, of that claim is proper.

19. Furthermore, Plaintiffs have failed to allege any facts which would allow Plaintiffs to recover under any theory from Defendant Andover Real Estate Investors, LLC. The sole allegation against Andover Real Estate Investors, LLC contained within Plaintiffs' First Amended Petition is that Andover Real Estate Investors, LLC is the owner of the real property. (First Amended Petition ¶4).

20. In a claim for premises liability, an owner or operator of a place of business that is open to the public owes a duty to the business visitor to use reasonable care, under all of the circumstances, in keeping the business place safe. The owner or operator of the business must warn the business visitor of any dangerous condition that the owner or operator knows about or should know about if the owner or operator had exercised reasonable care in tending to the business. *Wagoner v. Dollar Gen. Corp.*, 955 F. Supp. 2d 1220, 1224 (D. Kan. 2013).

21. Absent from Plaintiffs' First Amended Petition is any allegation that a dangerous condition existed on the premises, that Andover Real Estate Investors, LLC knew or should have known of a dangerous condition on the premises or that Dorothy Funk's death was the result of a dangerous condition on the premises owned by Andover Real Estate Investors, LLC. Therefore, Plaintiffs have failed to plead any facts upon which relief may be granted in favor of Plaintiffs and Andover Real Estate Investors, LLC. Dismissal of all claims against Andover Real Estate Investors is appropriate.

For the foregoing reasons, Defendants Life Care Centers of America, Inc., d/b/a Life Care Center of Andover, Andover Real Estate Investors, LLC and Andover Medical Investors, LLC

pray for this Court's order dismissing Count II of Plaintiffs' First Amended Petition and any claims Plaintiffs asserts in its First Amended Petition against Defendants for medical malpractice and/or survival action on behalf of Dorothy Funk, with prejudice, dismissing all claims against Andover Real Estate Investors, LLC and for such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *William P. Denning*
William P. Denning,        KS #21560
Michelle C. Pflumm,     KS #26725
Sanders Warren & Russell LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Telephone:    (913) 234-6100
Facsimile:     (913) 234-6199
w.denning@swrllp.com
m.pflumm@swrllp.com
***Attorneys for Defendants***
***Life Care Centers of America, Inc., d/b/a***
***Life Care Center of Andover, Andover Real***
***Estate Investors, LLC and Andover***
***Medical Investors, LLC***

## CERTIFICATE OF SERVICE

      I hereby certify that on the 3rd day of May, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Donald Arthur McKinney
McKinney Law Firm, Inc.
5 Douglas Avenue
Wichita, Kansas 67207-1002
***ATTORNEY FOR PLAINTIFFS***

Gregory S. Young
Brian L. White
Hinkle Law Firm LLC
301 North Main, Suite 2000
Wichita, Kansas 67202
***ATTORNEY FOR DEFENDANT***
***PINNACLE HEALTH FACILITIES XXXII, LP***
***d/b/a CLEARWATER NURSING & REHABILITATION CENTER***

    /s/ *William P. Denning*
    Attorney