**HINKLE LAW FIRM LLC**
301 North Main, Suite 2000
Wichita, Kansas  67202
(316) 267-2000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## WICHITA DIVISION

| | |
|---|---|
| MARK FUNK, as Administrator of the Estate of Dorothy Funk, deceased; MARK FUNK as heir at law of his mother, Dorothy Funk; and ALAN FUNK, as heir at law of his mother, Dorothy Funk,<br><br>    Plaintiffs,<br><br>v.<br><br>PINNACLE HEALTH FACILITIES XXXII, LP, d/b/a CLEARWATER NURSING & REHABILITATION CENTER; HACIENDA CARE XV LP; LIFE CARE CENTERS OF AMERICA INC., d/b/a LIFE CARE CENTER OF ANDOVER; ANDOVER REAL ESTATE INVESTORS, LLC; and ANDOVER MEDICAL INVESTORS, LLC,<br><br>    Defendants. | Case No. 6:17-CV-01099-JTM-KGG |

**DEFENDANT PINNACLE HEALTH FACILITIES XXXII, LP
D/B/A CLEARWATER NURSING & REHABILITATION CENTER'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT I OF
PLAINTIFFS' FIRST AMENDED PETITION**

COMES NOW the Defendant, Pinnacle Health Facilities XXXII, LP d/b/a Clearwater Nursing & Rehabilitation Center (hereinafter "Clearwater Nursing and Rehabilitation Center"), by and through its attorneys of record, Gregory S. Young and Brian L. White of Hinkle Law Firm LLC, and, pursuant Rule12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1, hereby submits the following Memorandum in Support of its Motion to Dismiss Count I of Plaintiff's First Amended Petition.

## I. NATURE OF THE CASE

This lawsuit arises out of, in part, certain medical treatment and services provided by agents of Clearwater Nursing and Rehabilitation Center to Plaintiffs' mother, Dorothy Funk. *See* Plaintiffs' First Amended Petition at ¶8-21. In their First Amended Petition, Plaintiffs seek to recover damages for the wrongful death of their mother. *See* Plaintiffs' First Amended Petition at ¶51-53. Moreover, Mark Funk, as the administrator of Dorothy Funk's estate, asserts a cause of action for injuries and damages including pain and suffering that Dorothy Funk suffered during her lifetime as a result of the alleged negligence of Clearwater Nursing and Rehabilitation Center. *See* Plaintiffs' First Amended Petition at ¶ 20-21. Clearwater Nursing and Rehabilitation Center denies all allegations of negligence and liability.

## II. STATEMENT OF FACTS

1. Plaintiffs originally filed this lawsuit on January 7, 2017 in the District Court of Sedgwick County, Kansas. Plaintiffs subsequently filed their First Amended Petition on January 9, 2017.

2. Plaintiffs allege that Dorothy Funk was a resident at Clearwater Nursing and Rehabilitation Center from September 29, 2014 to December 1, 2014. *See* Plaintiffs' First Amended Petition at ¶ 8.

3. Plaintiffs allege that on December 1, 2014, Mrs. Funk fell out of her wheelchair and fractured her hip. *See* Plaintiffs' First Amended Petition at ¶ 11-12, 14.

4. Plaintiffs allege that Ms. Funk was hospitalized after her fell, underwent surgery (tolerated it very well), and was discharged from the hospital on December 5, 2014. *See* Plaintiffs' First Amended Petition at ¶ 15-19.

5.     Plaintiffs allege that Ms. Funk was admitted to Life Care Center of Andover on December 5, 2014. *See* Plaintiffs' First Amended Petition at ¶ 23.

### III.    ISSUE BEFORE THE COURT

Whether Plaintiffs' survival claim against Clearwater Nursing and Rehabilitation Center (Count I of Plaintiffs' First Amended Petition) is barred by the statute of limitations.

### IV.    ARGUMENTS AND AUTHORITIES

Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate where it appears beyond doubt that Plaintiffs can prove no set of facts that would entitle them to relief. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). All well-pleaded facts must be taken as true, and all reasonable inferences must be indulged in favor of Plaintiffs. *Id.* A statute of limitations defense may be appropriately resolved on a Rule 12(b)(6) motion when the dates given in the complaint make clear that the right to sue upon has been extinguished. *Sierra Club v. Oklahoma Gas & Elec., Co.*, 816 F.3d 666, 671 (10th Cir. 2016).

Here, the well pleaded facts of Plaintiffs' First Amended Petition establish that any claim for personal injury brought by or on behalf of Dorothy Funk or the Estate of Dorothy Funk is barred by the two (2) year statute of limitations. *See* K.S.A. § 60-513(a); *Martin v. Neaik*, 297 Kan. 241, 300 P.3d 625 (2013). Specifically, based on the facts as alleged by Plaintiffs, Ms. Funk received care at Clearwater Nursing and Rehabilitation Center from September 29, 2014 to December 1, 2014. *See* Plaintiffs' First Amended Petition at ¶ 8. Thus, December 1, 2014, was the last date in which Clearwater Nursing and Rehabilitation Center provided care to Ms. Funk. The injury from which the lawsuit arises against Clearwater Nursing and Rehabilitation Center is a fractured hip, which occurred and was diagnosed on December 1, 2014. *See* Plaintiffs' First Amended Petition at ¶ 11-15. In fact, Plaintiffs allege Ms. Funk received surgical treatment for the injury and was

discharged from the hospital and into the care of Co-defendant by December 5, 2014.  *See* Plaintiffs' First Amended Petition at ¶ 16-19, 23.  Importantly, there is no claim or allegation that the fact of injury was reasonably ascertainable sometime after December 1, 2014.  *See, e.g.*, K.S.A. § 60-513(b) and (c).  To the contrary, based on the allegations in the First Amended Petition, the fact of injury was clear and ascertainable on December 1, 2014.

Based on the allegations in Plaintiffs' First Amended Petition, Ms. Funk had notice of the alleged personal injury claim no later than December 1, 2014.  By that time, the injury, as alleged, had occurred and it was known.  Moreover, Clearwater Nursing and Rehabilitation Center provided no further care or treatment to Ms. Funk after that date.  Despite these alleged facts, Plaintiffs did not file their lawsuit against Clearwater Nursing and Rehabilitation Center until January 7, 2017.  This is more than two (2) years after Clearwater Nursing and Rehabilitation Center provided care to Ms. Funk and more than two (2) years after the fact of injury from which this lawsuit arises.  Based on these allegations, Plaintiffs cannot maintain a cause of action against Clearwater Nursing and Rehabilitation Center for any survival claim on behalf of Ms. Funk as a matter of law, and dismissal, with prejudice, of Count I of Plaintiffs' First Amended Petition is proper.

WHEREFORE, the Defendant, Clearwater Nursing & Rehabilitation Center, respectfully requests that the Court grant its Motion to Dismiss Count I of Plaintiffs' First Amended Petition.

Respectfully Submitted,

HINKLE LAW FIRM LLC


By /s/ Gregory S. Young
   Gregory S. Young, #17139
   Brian L. White, #20767
   301 North Main, Suite 2000
   Wichita, Kansas  67202
   Telephone: (316) 267-2000
   Facsimile: (316) 264-1556
   E-mail:   gyoung@hinklaw.com
               bwhite@hinklaw.com
   **Attorneys for Defendant**
   **Pinnacle Health Facilities XXXII, LP d/b/a**
   **Clearwater  Nursing  & Rehabilitation Center**


## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of May, 2017, I electronically filed **Defendant Pinnacle Health Facilities XXXII, LP d/b/a Clearwater Nursing & Rehabilitation Center's**

-5-

**Memorandum in Support of its Motion to Dismiss Count I of Plaintiffs' First Amended Petition** using the CM/ECF system, which sent notice of electronic filing to the follows:

    Donald Arthur McKinney
    5 Douglas
    Wichita, KS 67207
    **Attorney for Plaintiff**

    William P. Denning
    Sanders Warren & Russell, LLP
    40 Corporate Woods
    9401 Indian Creek Parkway, Suite 1250
    Overland Park, Kansas 66210
    **Attorney for Life Care Center's of America, Inc.,**
    **d/b/a Life Care Center of Andover Real Estate Investors, LLC**
    **and Andover Medical Investors, LLC**

                                    By /s/ Gregory S. Young
                                         Gregory S. Young, #17139