**HINKLE LAW FIRM LLC**
1617 N. Waterfront Parkway, Suite 400
Wichita, Kansas  67206
(316) 267-2000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## WICHITA DIVISION

| | |
|---|---|
| MARK FUNK, as Administrator of the Estate of Dorothy Funk, deceased; MARK FUNK as heir at law of his mother, Dorothy Funk; and ALAN FUNK, as heir at law of his mother, Dorothy Funk, <br><br>     Plaintiffs, <br><br> v. <br><br> PINNACLE HEALTH FACILITIES XXXII, LP, d/b/a CLEARWATER NURSING & REHABILITATION CENTER; HACIENDA CARE XV LP; LIFE CARE CENTERS OF AMERICA INC., d/b/a LIFE CARE CENTER OF ANDOVER; ANDOVER REAL ESTATE INVESTORS, LLC; and ANDOVER MEDICAL INVESTORS, LLC, <br><br>     Defendants. | Case No. 6:17-CV-01099-JTM-KGG |

### DEFENDANT PINNACLE HEALTH FACILITIES XXXII, LP
### D/B/A CLEARWATER NURSING & REHABILITATION CENTER'S
### REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS'
### SURVIVAL CLAIM

COMES NOW the Defendant, Pinnacle Health Facilities XXXII, LP d/b/a Clearwater Nursing & Rehabilitation Center (hereinafter "Clearwater Nursing and Rehabilitation Center"), by and through its attorneys of record, Gregory S. Young and Brian L. White of Hinkle Law Firm LLC, and hereby submits the following Reply Memorandum in Support of its Motion to Dismiss Plaintiffs' survival claim.

1. First, Clearwater Nursing and Rehabilitation Center only seeks to dismiss Plaintiffs' survival claim at this time. It does not seek dismissal of the wrongful death claim. In other words, Clearwater Nursing and Rehabilitation Center seeks dismissal of Dorothy Funk's personal injury claim, which is now being brought by and on behalf of her Estate. This survival claim is barred by the statute of limitations.

2. Second, Plaintiffs argue focuses on the language of K.S.A. 60-513(b). Depending on the specific claims of negligence, the appropriate statute may be K.S.A. 60-513(c) to the extent the claim arises from the rendering of or failure to render professional services by a health care provider (as defined by K.S.A. 60-513d). Ultimately, whether subsection (b) or (c) is applicable, dismissal of Plaintiffs' survival claim is still appropriate.

3. Third, Plaintiffs argue that Clearwater Nursing and Rehabilitation Center has oversimplified the statute of limitations issue. Counsel for defendant disagrees. As alleged, Mrs. Funk fell and fractured her hip on December 1, 2014 when she fell out of her wheelchair while under Clearwater Nursing and Rehabilitation Center's care. Defendant agrees, factually, issues of negligence and causation will be complex in this case. Yet, concerning the statute of limitations, this is a straight forward personal injury claim that involves an acute injury that was immediately known on December 1, 2014. In other words, the alleged act or acts giving rise to Plaintiffs' cause of action caused substantial (or "actionable") injury (i.e., a fractured hip) on December 1, 2014. On that day, Mrs. Funk had a legally actionable injury (assuming her allegations are true). Moreover, the fact of injury was reasonably ascertainable December 1, 2014. As alleged, there could be no other conclusion. Thus, the statute of limitations had run at the time the lawsuit commenced on January 7, 2017.

4. Plaintiffs, on the other hand, complicate the issue, in part, by adding irrelevant and unnecessary allegations to a proposed Second Amended Complaint. Plaintiffs appear to argue that the statute of limitations did not begin to run until Plaintiffs were aware of some evidence of negligence, which they claim they did not have until sometime after Mrs. Funk's death. This is not Kansas law. In order to support this position, Plaintiffs cite to case law out of context without examining the underlying facts and rulings. As an example, Plaintiffs rely, in part, on *Michaelis v. Farrell*, 48 Kan. App. 2d 624, 296 P.3d 439 (2013). Yet, the *Michaelis* case involved an electrical shock with subsequent symptoms that were not initially thought to be associated with the occurrence. Thus, the plaintiff alleged the fact of injury was not reasonably ascertainable until well after the event, i.e., after a physician associated his symptoms with the prior electric shocking incident. *Michaelis* does not stand for the proposition that a plaintiff must be aware of evidence of negligence prior to the statute of limitations beginning to run. Applying the actual ruling in *Michaelis* to our case is not helpful to Plaintiffs as Ms. Funk's injury, as alleged, was clearly associated with her fall on the date of the fall (December 1, 2014). *See also Berndt v. Kramer*, 249 Fed. Appx. 45, 2007 WL 2733713 (10th Cir. Sept. 18, 2007) (rejecting the argument that Kansas law requires some knowledge of negligence before a cause of action accrues); *Friends Univ. v. W.R. Grace & Co.*, 227 Kan. 559, 608 P.2d 936 (1980)(holding that the statute of limitations began to run when a new roof was found to be leaking, not when the expert later discovered the cause); *Roe v. Diefendorf*, 236 Kan. 218, 222, 689 P.2d 855 (1984)(statute of limitations began to run when the plaintiff first injured back, not later when extent of back injury was determined). Plaintiff cites to no authority that is factually or legally analogous to our case or that otherwise supports their position. Plaintiff's attempt to create complexity and uncertainty regarding her claim should be summarily rejected by this Court, as it is not properly based on clear Kansas law.

5. Fourth, while further analysis of Plaintiffs' argument could be done, this is not necessary because Plaintiffs' position is based on an legally inadequate underlying premise. Plaintiffs' argument is premised on the knowledge of Plaintiffs (i.e., the sons of Mrs. Funk). Plaintiffs argue they were not aware of the underlying acts of negligence, which tolled the statute of limitations. Again, evidence of negligence is not the critical factor. Yet, even if it was, Plaintiffs have cited to no case law or argument that Clearwater Nursing and Rehabilitation Center had any legal (i.e., tort) obligation to inform Mark and Alan Funk or that their knowledge concerning Dorothy Funk's potential cause of action is relevant, in any way, to the statute of limitations inquiry. In truth, Plaintiffs' knowledge is irrelevant to the inquiry.

6. Simply put, the survival claim is based on the personal injury claim of Mrs. Funk prior to her death. She is the injured party, and it was her personal injury claim to pursue. Her death does not change this critical fact. In evaluating the statute of limitations, and whether the fact of injury was reasonably ascertainable, we need to look at the objectively reasonable person standard while stepping into the shoes of the injured party (i.e., Mrs. Funk) and not the injured party's family. K.S.A. 60-513(b) (". . . the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable **to the injured party** . . . . ." (emphasis added)). Thus, even if the Court agreed with Plaintiffs' legal analysis (i.e., it is evidence of negligence that causes the statute of limitation to accrue), it is not relevant to this case since Plaintiffs have made no allegations or arguments as it relates to the knowledge and information of Mrs. Funk. Again, the knowledge of Mark and Alan Funk are irrelevant for the purposes of the survival claim, which is the sole basis for Plaintiffs' position that the statute of limitations does not bar the survival claim.

7. Finally, to the extent it was Plaintiffs intent to argue that Mrs. Funk was and remained under a legal disability until her death (thus tolling the statute of limitations), the survival claim

would still be barred under K.S.A. 60-515 since it was not brought within a year of Mrs. Funk's death.  *Martin v. Naik*, 297 Kan. 241, 300 P.3d 625 (2013).

WHEREFORE, the Defendant, Clearwater Nursing & Rehabilitation Center, respectfully requests that the Court grant its Motion to Dismiss Plaintiff's survival claims.

    Respectfully Submitted,

    HINKLE LAW FIRM LLC

    By /s/ Gregory S. Young
       Gregory S. Young, #17139
       Brian L. White, #20767
       1617 N. Waterfront Parkway, Suite 400
       Wichita, Kansas  67206
       Telephone: (316) 267-2000
       Facsimile: (316) 264-1556
       E-mail:     gyoung@hinklaw.com
                  bwhite@hinklaw.com
       **Attorneys for Defendant**
       **Pinnacle Health Facilities XXXII, LP d/b/a**
       **Clearwater Nursing & Rehabilitation Center**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of July, 2017, I electronically filed **Defendant Pinnacle Health Facilities XXXII, LP d/b/a Clearwater Nursing & Rehabilitation Center's Reply Memorandum in Support of its Motion to Dismiss Plaintiffs' Survival Claims** using the CM/ECF system, which sent notice of electronic filing to the follows:

>Donald Arthur McKinney
>5 Douglas
>Wichita, KS 67207
>**Attorney for Plaintiff**
>
>William P. Denning
>Sanders Warren & Russell, LLP
>40 Corporate Woods
>9401 Indian Creek Parkway, Suite 1250
>Overland Park, Kansas 66210
>**Attorney for Life Care Center's of America, Inc.,**
>**d/b/a Life Care Center of Andover Real Estate Investors, LLC**
>**and Andover Medical Investors, LLC**

>>By /s/ Gregory S. Young
>>Gregory S. Young, #17139