a

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK FUNK, as Administrator of the Estate
of Dorothy Funk, deceased; MARK FUNK as
heir at law of his mother, Dorothy Funk; and
ALAN FUNK, as heir at law of his mother,
Dorothy Funk,

    Plaintiffs,

vs.                         Case No. 17-1099-JTM

PINNACLE HEALTH FACILITIES XXXII,
LP, d/b/a CLEARWATER NURSING &
REHABILITATION CENTER,

    Defendant.

MEMORANDUM AND ORDER

Plaintiffs, Mark Funk and Alan Funk, filed the present negligence and wrongful death suit against defendant, Pinnacle Health Facilities, based on Dorothy Funk's fall at the Clearwater Nursing and Rehabilitation Center in Clearwater, Kansas. From September 29, 2014, to December 1, 2014, Dorothy was a resident at the Clearwater Nursing facility.

Plaintiffs allege that on October 1, 2014, Clearwater's records indicate that Dorothy suffered a non-injury fall on the premises and her Care Plan was updated to say, "[p]rovide Dorothy with grabber to alleviate her reaching forward from her wheelchair…. and endangering [her] safety." Nine days later on October 10, the Care Plan added or initiated this goal: "Dorothy will remain free from significant injuries resulting from falls." Plaintiffs additionally allege that this non-fall was not reported to Mark Funk, holder of Dorothy's durable power of attorney.

Knowledge of the non-injury fall was not made known to Mark or Alan Funk until the medical records were provided after Dorothy's death.

Plaintiffs further allege that on December 1, 2014, Dorothy fell out of her wheelchair while reaching forward, fracturing her hip. According to the Clearwater EMS Report, the fall was unwitnessed, but a Clearwater staff member heard Dorothy screaming after the fall. December 1, 2014, was the last time that Clearwater Nursing provided care to Dorothy.

On January 7, 2017, plaintiffs filed their first petition in the Sedgwick County District Court. In the Plaintiffs's Count I, it is alleged that defendant was negligent in their care and treatment of Dorothy, including, but not limited to:

> "(a) failing to adequately comply with their own care plan designed specifically for Dorothy Funk to prevent the very type of fall contemplated in the care plan; (b) failing to ensure that Dorothy Funk received adequate supervision, assistance, and devices to prevent such accidents and her resulting injuries; (c) failing to seek, obtain, and order, timely, necessary qualified health care consultations and treatment; (d) failing to provide timely, prompt, and adequate medical care and treatment as required Mrs. Funk's physical condition; and (e) failing to comply with standards and duties applicable to nursing homes, including those which required the nursing home to maintain adequate staff to appropriately monitor the resident and to render proper care to all patients at all times."

In Count II, the plaintiffs present a claim against Life Care Center of Andover for negligence, and a third claim against both Pinnacle and Life Care Center of Andover for the allegedly wrongful death of Dorothy due to an infection. Pinnacle's motion to dismiss only addresses Count I. The wrongful death claim in Count III has its own statute of limitation which appears to be timely and is not affected by defendan't motion to dismiss.

A statute of limitations bar may be presented as an affirmative defense under Rule 12(b)(6). *Herrera v. Las Cruces Pub. Sch.*, No. 16-2179, 2017 U.S. App. LEXIS 10466, at *10 (10th Cir. 2017). For a plaintiff to survive a Rule 12(b)(6) motion, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Brokers'*

*Choice of Am., Inc. v. NBC Universal, Inc.*, No. 15-1386, 2017 U.S. App. LEXIS 11490, at *32 (10th Cir. 2017) . For a claim to be facially plausible, the plaintiff must plead facts that would allow the court to draw reasonable inferences that the defendant is liable for the misconduct. *Id*. The question to ask for a motion to dismiss is: did the plaintiff provide evidence to support its claim? *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A motion to dismiss is disfavored and therefore should not be dismissed for failure to state a claim, unless it appears beyond a reasonable doubt that the plaintiff cannot prove any set of facts which support his claim entitling the plaintiff to relief. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 746 (1976). When considering a motion to dismiss, "all well-pleaded facts, as distinguished from conclusory allegations, must be taken as true" and all reasonable inferences must be afforded to the plaintiff. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

The Kansas statute of limitation for tort claims, which includes negligence, is two years. Kan. Stat. § 60-513(a)[1]; *Doe v. Popravak*, No. 115,282, 2017 WL 2494958, at *1 (Kan. Ct. App. 2017). The purpose behind having a statute of limitation is to "secure the peace of society and to protect the individual from being prosecuted upon stale claims" and to "give prompt notice before memories fade and evidence is lost." *Castro v. Am. Insulated Wire*, No. 92,200, 2004

---

[1] Kan. Stat. Ann. § 60-513(a) provides in part:

(a) The following actions shall be brought within two years:

(3) An action for relief on the ground of fraud, but the cause of action shall not be deemed to have accrued until the fraud is discovered.
(4) An action for injury to the rights of another, not arising on contract, and not herein enumerated.
(5) An action for wrongful death.
(6) An action to recover for an ionizing radiation injury as provided in K.S.A. 60-513a, 60-513b and 60-513c, and amendments thereto.
(7) An action arising out of the rendering of or failure to render professional services by a health care provider, not arising on contract.

LEXIS 105, at *9 (Kan. Ct. App. 2004); *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1301 (10th Cir. 2003). The limitation period begins when the action first causes "substantial injury" K.S.A. § 60-513(b)[2]. Kansas courts interpret "substantial injury" to be an "actionable injury." *Michaelis v. Farrell*, 48 Kan. App. 2d 624, 630, 296 P.3d 439, 444 (2013). An actionable injury is one sufficiently ascertainable to justify an action for a recovery of damages. *Id*.

Under Kansas law, an action accrues at the time the negligent act causes an injury if "both the act and the resulting injury are reasonably ascertainable by the injured person." *Moon v. City of Lawrence*, 267 Kan. 720, 727, 982 P.2d 388, 394 (1999). The "reasonably ascertainable" language is an objective standard suggesting an examination of the surrounding circumstances. *Id*. "Inherent in 'to ascertain' is 'to investigate.'" *Davidson v. Denning*, 259 Kan. 659, 675, 914 P.2d 936, 946 (1996); *Berndt v. Kramer*, 249 Fed.Appx. 45, 51 (10th Cir. 2007). The time the plaintiff could have first filed and prosecuted an action to a successful conclusion determines when an action accrues. *Michaelis*, 296 P.3d at 444-45. The statute of limitations may start to run even when the plaintiff does not know of the negligent act. *Berndt*, 249 Fed.Appx. at 50. Were a plaintiff able to wait to file an action until directly confronted with evidence of a negligent act, the statute of limitations may never begin. *Kelley v. Barnett*, 23 Kan. App. 2d 564, 571, 932 P.2d 471, 477 (1997). If an injury is reasonably ascertainable, the plaintiff has the duty to investigate any possible negligence, unless "the information necessary to determine negligence is concealed or otherwise unreliable." *Id*.

---

[2] K.S.A. § 60-513(b) states:

Except as provided in subsections (c) and (d), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action.

Defendant alleges that the injury in question was clear and ascertainable on December 1, 2014, and therefore the statute of limitations should bar this claim that was brought on January 7, 2017. To rebut this, plaintiffs contend that defendant's negligence became discernable only when Dorothy's prior fall was reported to Mark Funk. Additionally, plaintiffs contend that a fall does not indicate negligence by anyone because "people frequently fall without actionable negligence," and, "[e]lderly persons, including those in nursing homes, often fall and sustain serious injury." (Dkt. 16, at 3).

However, the injury and the fall were both reasonably ascertainable at the time of the December fall. Whether or not defendant had an obligation to inform plaintiffs of the non-injury fall that occurred in October has no bearing on whether or not plaintiffs could have investigated the December fall. Because the December fall and injury were both ascertainable at the time, plaintiffs had a duty to investigate possible negligence.

Estoppel is an exception to the general rule that "nothing can interrupt the running of the statute of limitations." *Friends Univ. v. W. R. Grace & Co.*, 227 Kan. 559, 563-64, 608 P.2d 936, 941 (1980). Estoppel may be invoked when a defendant's own deception prevented the plaintiff from being able to timely bring its claim. *Barnes v. United States*, 776 F.3d 1134, 1149 (10th Cir. 2015). This deception requires an intentional or fraudulent concealment, in the absence of a confidential or fiduciary duty, that is an affirmative act designed to prevent, and does prevent, the discovery of the cause of action. *Doe v. Popravak*, 2017 WL 2494958 at *1. Further, there must be some actual deception used to prevent knowledge, affirmative concealment, or some misrepresentation to exclude suspicion and prevent injury. *Friends Univ.,* 227 Kan. at 564. The question to ask is whether there was a "design to prevent the discovery of the facts which gave rise to the action," and whether the "act operated as a means of concealment." *Id.*

Plaintiffs allege that despite their diligence, defendant "delayed releasing medical records until long after Dorothy's death" and that defendant also "altered or misrepresented the facts by openly posing a fall-prevention grab bar in Dorothy's empty bed." ¶ 25, 26, and 30 of amended complaint. However, the plaintiffs do not specify if or when they asked for the records, how long they had to wait to receive the documents, or any facts which would support a claim of actual deception. There is nothing before the court which would support a determination that defendant acted with a design to prevent the discovery of facts. If there was any delay in producing the records, this would only serve as a red flag to a reasonable people, and futher highlighting the need to investigate.

Moreover, the placement of a grab bar in Dorothy's empty bed did not prevent plaintiffs from being able to investigate the December 1, 2014, fall. Having a grab bar on the bed is consistent with continuing to try to protect Dorothy from a fall once she returned from the hospital. Because there was an ascertainable fall and nothing to suggest a design to prevent the discovery of the facts giving rise to the action, the court grants defendant's motion to dismiss Count I.

The court further denies plaintiff's request to amend the complaint. Ordinarily, a court will freely grant leave to amend a complaint, in order to "safeguard a plaintiff's opportunity to test her claims on the merits." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997). However, a court "may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal." *Id*. at 562

Here, the proposed amended complaint supplies nine additional factual paragraphs which focus on the state of knowledge held by Ms. Funk's sons (Dkt. 14-1, at 6-8), but do not alter the fundamental nature of the case, or the essential facts that an injury occurred in December, 2014,

that the injury was of a manifest and serious nature, and of a type which should alerted plaintiffs of the need to investigate the incident. K.S.A. 60-513 required plaintiffs to bring their lawsuit within two years of the December 1, 2014 fall but failed to do so.

IT IS ACCORDINGLY ORDERED on this 15th day of August, 2017 that plaintiffs' Motion to Amend (Dkt. 14) is denied as futile; defendant's Motion to Dismiss (Dkt. 9) is granted such that Count I of plaintiffs' Petition is hereby dismissed with prejudice.

                                                                              s/ J. Thomas Marten
                                                                        J. THOMAS MARTEN, JUDGE