## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARK FUNK, *et al.*,  )
                                             )
                      Plaintiffs,  )
                                             )
v.  )        Case No.: 17-1099-JTM-KGG
                                             )
PINNACLE HEALTH  )
FACILITIES XXXII, LP, *et al.*,  )
                                             )
                      Defendants.  )
_____)

## MEMORANDUM & ORDER ON MOTIONS TO COMPEL

Now before the Court are Plaintiffs' two Motion to Compel supplemental responses to Plaintiffs' first and second sets of Interrogatories to Pinnacle Health Facilities XXXII, LP d/b/a Clearwater Nursing & Rehabilitation Center (hereinafter "Defendant"). (Docs. 77 and 87.) Having reviewed the submissions of the parties, Plaintiffs' first motion (Doc. 77) is **GRANTED in part** and **DENIED in part** and Plaintiffs' second motion (Doc. 87) is **GRANTED in part** and **DENIED in part** as more fully set forth below.

## FACTUAL BACKGROUND

The factual background of this case was summarized by the District Court in its Order denying Plaintiffs' Motion to Amend and granting Defendant's Motion to Dismiss Plaintiffs' negligence claim.

Plaintiffs, Mark Funk and Alan Funk, filed the present negligence and wrongful death suit against defendant, Pinnacle Health Facilities, based on Dorothy Funk's fall at the Clearwater Nursing and Rehabilitation Center in Clearwater, Kansas. From September 29, 2014, to December 1, 2014, Dorothy was a resident at the Clearwater Nursing facility.

Plaintiffs allege that on October 1, 2014, Clearwater's records indicate that Dorothy suffered a non-injury fall on the premises and her Care Plan was updated to say, '[p]rovide Dorothy with grabber to alleviate her reaching forward from her wheelchair . . . and endangering [her] safety.' Nine days later on October 10, the Care Plan added or initiated this goal: 'Dorothy will remain free from significant injuries resulting from falls.' Plaintiffs additionally allege that this non-[injury] fall was not reported to Mark Funk, holder of Dorothy's durable power of attorney. Knowledge of the non-injury fall was not made known to Mark or Alan Funk until the medical records were provided after Dorothy's death.

Plaintiffs further allege that on December 1, 2014, Dorothy fell out of her wheelchair while reaching forward, fracturing her hip. According to the Clearwater EMS Report, the fall was unwitnessed, but a Clearwater staff member heard Dorothy screaming after the fall. December 1, 2014, was the last time that Clearwater Nursing provided care to Dorothy.

(Doc. 21, at 1-2.)

Currently pending before the Court are Plaintiffs' two motions to compel supplemental interrogatory responses from Defendant. (Docs. 77, 87.) While it appears that certain issues could have been completely resolved prior to filing the motions, discussed *infra*, the Court finds that the parties engaged in a sufficient effort to confer regarding these discovery issues.

# ANALYSIS

## I.      Legal Standards.

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case,
> considering the importance of the issues at state in the
> action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit.  Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

As such, the requested information must be nonprivileged, relevant, and

proportional to the needs of the case to be discoverable.  *Holick v. Burkhart*, No.

16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

## II.      Boilerplate Objections.

Unless a discovery request is facially objectionable, the party resisting

discovery has the burden to support its objections.  *Sonnino v. University of*

*Kansas Hosp. Authority*, 221 F.R.D. 661, n. 36 (D. Kan. 2004) (citing *Hammond*

*v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)); *Cont'l Ill. Nat'l*

*Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991)

(stating that a party resisting a discovery request based on relevancy grounds bears

the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome"). A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad. *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995) (citation omitted). Merely stating that a particular word or phrase is vague or ambiguous does not suffice unless the verbiage is facially objectionable. The same is true for an assertion that a request seeks irrelevant information, is overly broad, or is not proportional to the needs of the case – the responding party must explain how or why the requested information is irrelevant or disproportional unless the request is facially inappropriate.

## III.    Plaintiff's Definition of "Identify."

Plaintiffs included the "definitions" with both sets of discovery requests. (Doc. 78, at 5; Doc. 88-1.) The word "identify" is defined as:

> 7.    To "identify" or "describe" a document or record, or any equivalent language used anywhere herein, means to state with respect thereto:
>
> (a) the nature or substance of the document, with sufficient particularly to enable it to be located and identified;
> b) its date and, if it bears no date, the date it was prepared;

(c) the physical location of it and the name of its custodian or custodians;
(d) if the document has been previously produced by any party, its Bates stamp number and/or exhibit number;
(e) the identity of the person who prepared it, including their name, any previous names, their last known address, job description, date of birth, and social security number;
(f) the identity of the person who signed it or over whose signature it was issued; and
(g) the identity of each person to whom it was addressed or distributed, including that person's social security number.

8. To "identify" or "describe" any person means to state their name, previous names, phone number, last known address, previous addresses of which defendant is aware or has access, email address, job description, date of birth, social security number, and whether such person is represented by counsel and, if so, the contact information for such counsel.

Defendant objects to Plaintiffs' Definitions 7 and 8 of "identify" as "overly broad, unduly burdensome, and they seek information neither relevant to this lawsuit nor proportional to the needs of this case." (Doc. 88-1, at 17; *see also* Doc. 86, at 4-5, Doc. 95, at n.3.)

Plaintiffs argue that Defendant's discovery responses merely make boilerplate objections to Definitions 7 and 8, and then refer Plaintiffs generally to broad classes of documents without specific references to the exact nature of the information referenced or to its location within those broad categories of documents." (Doc. 87, at 2.) The Court agrees that Defendant has generally failed

to establish how the term "identify" as defined by Plaintiffs is request is overly broad, unduly burdensome or disproportionate to the needs of the case. *Gheesling*, 162 F.R.D. at 650. While highly specific, Plaintiffs' definition of what constitutes identifying a person (their name(s), phone number, current and former address, email address, job description, date of birth, social security number, and contact of counsel if represented) is not facially overbroad, unduly burdensome, or disproportionate to the needs of the case. That stated, the Court finds that Plaintiffs' requests for the Social Security numbers of any such identified individuals is unwarranted. Defendant's unsupported boilerplate objections regarding Definitions 7 and 8 are otherwise overruled.

## III.    First Motion to Compel (Doc. 77).

### A.    Interrogatory No. 1.

This Interrogatory called on Defendant to "identify," using Plaintiffs' Definition 8, *supra*, and provide certain information for a list of persons included in Defendant's initial disclosures as "persons likely to have discoverable information." (Doc. 78, at 16-17.) Subsection (4) of the Interrogatory sought "the facility policies and procedures as applied by each person at the times and dates they provided care to Dorothy Funk." (*Id*., at 17.)

As discussed *supra*, the Court overrules Defendant's objection to the term "identify." Defendant also objects that section 4 of the Interrogatory, "the facility

policies and procedures that applied to each person at the time(s) and date(s) they provided care to Dorothy Funk," is vague, ambiguous, and overly broad "in apparently seeking all policies and procedures related to Defendant's facility, regardless of the subject of such policy or procedure." (*Id.*)

Plaintiffs argue that "[t]his is clearly wrong," because the Interrogatory, as worded, "seeks only information about policies and procedures that applied at the time each identified individual was providing care to Dorothy Funk." (Doc. 77, at 2.) As Plaintiffs state, the request "is specifically limited to (a) the actual care being provided; (b) at that particular time; (c) to Dorothy Funk; (d) by each individual care provider." (*Id.*) Even so, the Court finds that Interrogatory No. 1, as written, encompasses information regarding every type of care provided to Ms. Funk over an extended time period. The Interrogatory is facially improper as it seeks information that is thoroughly irrelevant to Plaintiff's claims and disproportionate to the needs of the case. Defendant's objections are sustained and Plaintiff's motion is **DENIED** as to Interrogatory No. 1.

## B.     Interrogatory No. 2.

This interrogatory asks Defendant to identify the employment for the past ten years for each person identified in Interrogatory No. 1. (Doc. 78, at 22.) The requested information includes the name of each employer, nature of duties with each employer, dates of employment, salary, reason for termination of

employment, contact information for immediate supervisors, and whether the person was subject to any disciplinary action, complaint, investigation, or legal action. (*Id.*) Defendant objects that the Interrogatory is "overly broad, unduly burdensome, and seeks information neither relevant to this lawsuit nor proportional to the needs of this case in seeking this scope of information over a ten year period for non-party fact witnesses." (*Id.*)

Plaintiffs complain that Defendant's answer to Interrogatory No. 2 "asserts generic, boilerplate objections and then provides no information at all." (*Id.*) Plaintiffs also complain that "Defendant objects to the ten-year scope of the interrogatory, but makes no attempt to provide the requested information for even a five-year period or a three-year time frame." "Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections." *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D.Kan.2003). The Court finds, in this instance, that Interrogatory No. 2 *is* facially over broad, unduly burdensome, disproportionate to the needs of the case, and encompassing irrelevant information. Thus, even assuming Defendant has not properly supported or explained its objection, Defendant is not obligated to do so. As such, the Court sustains Defendant's objection to Interrogatory No. 2. This portion of Plaintiffs' motion is **DENIED**.

    **C.    Interrogatory No. 3.**

Interrogatory No. 3 asks Defendant to identify any individuals or entities that they contend "caused caused or contributed to the subject tragedy (Definition 5) or to the resulting death of Dorothy Funk." (Doc. 78, at 23.) In addition to certain identifying information, Plaintiffs ask for Defendant to describe the factual basis for such claim(s) of comparative negligence or fault, describe any supporting evidence (including documents), and identify witnesses intended to testify on the subject.

As discussed above, the Court overrules Defendant's objection to Plaintiffs' definition of the term "identify," *supra*. Defendant also objects "to Plaintiff's use of the term 'tragedy' in that it is an intentional and unnecessary attempt to gain improper sympathy and to improperly prejudice Defendant." The Court agrees. Any probative value of the use of the word "tragedy" (as, for instance, opposed to the more neutral term "subject incident") is outweighed by the highly prejudicial impact the use of this term would have with a jury in this case. The Court sustains this objection. Plaintiffs' motion is **DENIED** as to Interrogatory No. 3.[1]

### D.    Interrogatory No. 4.

Interrogatory No. 4 asks Defendant to identify, using Definition 7, "all policy manuals, procedures, written or unwritten rules, regulations, disciplinary

---

[1] The Court also notes that the deadline for any party asserting comparative fault to identify all such persons or entities whose fault is to be compared had passed by the time Plaintiffs served Interrogatory No. 3. (*See* Doc. 33, at 10.)

reports, state inspections reports, related correspondence, and the like pertaining to the above captioned matter for the years 2013 through 2015." (Doc. 78, at 25.) Plaintiffs continue that the Interrogatory seeks all "policies and/or procedures in effect during that period relating to falls and fall prevention at the subject facility." (*Id*.)

Defendant objects that Interrogatory No. 4 "seeks information regarding policies and/or procedures unrelated to falls and fall prevention as the same are not relevant to this lawsuit or proportional to the needs of this case." (*Id*.) Defendant also objects to this Interrogatory as overly broad and unduly burdensome in apparently requesting all policies and procedures, written or unwritten rules, regulations, disciplinary reports, state inspection reports, related correspondence, and the like, regardless of subject, regarding a long-term care facility." (*Id*.) Defendant complains that the discovery request "is facially inappropriate as it is not clear what Plaintiffs are seeking with respect to written or unwritten rules, regulations, disciplinary reports, state inspections, related correspondence and the like." (Doc. 86, at 10.)

The Court sympathizes that the discovery request, as worded, is extremely broad. That stated, Plaintiffs appear to have abandoned the first sentence of the Interrogatory, thus narrowing its focus significantly.

> The Interrogatory itself could not be more direct or
> simple.  It seeks all 'policies and/or procedures in effect

during [a three year period, 2013 through 2015] relating
to falls and fall prevention at the subject facility.'

(Doc. 77, at 7; Doc. 92, at 9.)  Given this limitation, the Court **GRANTS** Plaintiffs'

motion as to Interrogatory No. 4.  Defendant shall serve its supplemental response

to Interrogatory No. 4 **within thirty (30) days of the date of this Order**.

### E.     Interrogatories Nos. 5, 6, and 7.

Plaintiffs state that Interrogatory No. 5 "appears to have been answered in

subsequent correspondence, but Defendant's answer needs to be formally

supplemented… ."  (Doc. 77, at 8.)  As for Interrogatory No. 6, Plaintiffs state that

"Defendant's answer to Interrogatory 6 needs to be supplemented to include the

information provided in [defense counsel's] letter of August 24, 2018 and the

information provided that same week at the deposition of Sally Newell.  (*Id.*)

Plaintiffs also contend that Interrogatory No. 7 "needs to be supplemented to

include the information provided in [defense counsel's] letter of August 24, 2018."

(*Id.*)

Defendant responds that

> [t]hese Interrogatories should not have been the subject
> of a Motion to Compel.  Defense counsel's August 24,
> 2018, letter to Plaintiffs fully and completely answered
> these Interrogatories to the extent the initial responses
> were insufficient in Plaintiffs' counsel's opinion.
> Moreover, Defense counsel indicated a formal
> supplement of the answers would be provided if
> Plaintiffs preferred a more formal response.  Again,
> instead of any discussion on this matter, Plaintiffs instead

> chose to include these three Interrogatories in the Motion to Compel, which is a waste of time for both Defense counsel and this Court. In any event, in an abundance of caution, these answers were formally supplemented to include the information previously provided by Defense counsel with Defendant's Supplemental Answers served September 13, 2018. (Exhibit G). These issues are moot and were moot prior to the Motion being filed.

(Doc. 86, at 11-12.) Plaintiffs do not address Defendant's statements in their reply. (*See generally* Doc. 92.) As such, Plaintiffs' motion is **DENIED as moot** as to Interrogatories Nos. 5-7.

## IV. Motion to Compel Answers to Second Interrogatories (Doc. 87).

### A. Interrogatory No. 11.

This Interrogatory asks Defendant to identify "every person who has or claims to have, or whom you claim has, knowledge of any facts relevant to the issues in this lawsuit, stating in detail all facts each person has or claims to have knowledge of." (Doc. 88-1, at 17.) Plaintiffs instruct Defendant to use Definition 7 in its response to Interrogatory No. 11.

Defendant objects to the term "identify" as defined in Plaintiffs' Definitions 7 and 8 as "overly broad, unduly burdensome, and they seek information neither relevant to this lawsuit nor proportional to the needs of this case." (*Id.*) In further response to Interrogatory No. 11, Defendant then referred Plaintiffs to "the parties' Rule 26 disclosures and prior discovery responses, along with records produced that identify individuals who assisted in Mrs. Funk's care." (*Id.*)

Plaintiffs argue that "Defendant's answer merely makes boilerplate objections to two Definitions, and then refers Plaintiffs generally to broad classes of documents without specific references to the exact nature of the information referenced or to its location within those broad categories of documents." (Doc. 87, at 2.) The Court agrees that Defendant has not specifically explained how the term "identify" as defined by Plaintiffs is request is overly broad, unduly burdensome or disproportionate to the needs of the case. *Gheesling*, 162 F.R.D. at 650. The Court does not find that Plaintiffs' definition of what constitutes identifying a person (their name(s), phone number, current and former address, email address, job description, date of birth, social security number, and contact of counsel if represented) is facially overbroad, unduly burdensome, or disproportionate to the needs of the case.[2] Defendant's unsupported boilerplate objections are overruled.

Further, Defendant's response to Interrogatory No. 11 that follows the objections is insufficient. Plaintiffs argue that Defendant "may not answer an interrogatory by generically referring to other 'Rule 26 disclosure,' 'prior discovery responses,' unnamed 'records produced,' or other broad classes of documents, without clearly articulating where the responsive information is

---

[2] That stated, the Court finds that Plaintiffs' requests for the Social Security numbers of any such identified individuals is unwarranted.

actually located and what it is." (Doc. 87, at 2.) The Court agrees. *Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 501 (D. Kan. March 21, 2006) (holding that a party may not respond to an interrogatory "by generally referring [propounding party] to the pleadings filed in this case, documents produced, opt-in questionnaires, depositions, declarations, or other general broad classes of documents, but rather must indicate with specificity where the information can be found.").

Plaintiffs' motion is **GRANTED** as to Interrogatory No. 11. Defendant shall serve its supplemental response to Interrogatory No. 11 **within thirty (30) days of the date of this Order**. The Court notes that if the information requested is contained in a specific document(s) that was previously produced or part of the record in this case, Defendants may identify such document(s) by Bates number as an appropriate response.

### B.     Interrogatory No. 10.

This Interrogatory asks Defendant to identify (using Plaintiffs' definition 8), every person employed or contracting with Defendant "who treated, cared for, examined, or otherwise attended Dorothy Funk from September 15, 2014 to January 7, 2015... ." (Doc. 88-1, at 13.) Defendant again objected that the term "identify" as defined in Definition 8 is "overly broad and seeks information neither relevant to this lawsuit nor proportional to the needs of this case." (*Id*.) As stated

above, the Court finds this definition not to be overly broad, irrelevant, or disproportionate to the needs of this case. Defendant's objections are overruled.

Defendant also objects that Interrogatory No. 10 "unnecessarily seeks private or sensitive information of each witness." (Doc. 88-1, at 13.) Courts in this District have routinely held that a document being "confidential" does not equate to being privileged or otherwise shielded from discovery. The same is true for documents Defendant characterizes as "private or sensitive."

> It is well settled that confidentiality does not act as a bar to discovery and is not grounds to withhold documents or information from discovery. 'A concern for protecting confidentiality does not equate to privilege.' While a confidentiality objection may be appropriate when a party seeks a protective order limiting the parties' use or disclosure of confidential information, it is generally not a valid objection to withholding discovery altogether.

*High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2011 WL 4008009, at *1 (D. Kan. Sept. 9, 2011) (citations and footnotes omitted); *AKH v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2017 WL 5465240, at *15 (D. Kan. Nov. 14, 2017). That stated, the Court does finds that that Plaintiffs' request for the Social Security numbers of these individuals to be unwarranted and instructs Defendant not to provide this information.

The Interrogatory continued that, as to each person, Defendant is to include:

> a. The date(s) upon which each named individual attended Dorothy Funk;

> b. The nature and location of the treatment or care
> rendered Dorothy Funk on each date;
> c. The qualifications and area of specialty of each
> individual who attended or provided medical care or
> treatment to Dorothy Funk; and
> d. The present address and employment of each
> individual.

(*Id*.)  The Interrogatory specifically stated that "referring plaintiff's counsel to

medical records will not be deemed to be a sufficient answer as plaintiff's counsel

has reviewed the medical records and is not able to determine the identity of all

such persons."  (*Id.*)

Defendant objects that this portion of the Interrogatory is

> overly broad, vague, ambiguous, and unduly
> burdensome.  The remaining Interrogatory also seeks
> information that is not proportional to the needs of this
> case.  Moreover, Defendant's record is primarily in typed
> format, so the names listed are readable.  If there is a
> specific name that Plaintiff cannot read, Defendant will
> work with Plaintiffs' counsel to identify said individual.

(Doc. 88-1, at 13.)  Plaintiffs contend that the Interrogatory "is another standard

discovery request aimed at saving time and resources by narrowing the list of

potential witnesses and clarifying the role each played in the care of Dorothy

Funk."  (Doc. 87, at 5.)

The Court does not agree that the response requested by Plaintiffs would

"save time and resources."  To the contrary, to require Defendant to compile some

sort of detailed timeline encompassing each specific instance of care received by

Dorothy Funk over a period of more than 100 days is unreasonable considering the information is all contained in the medical records which are in Plaintiffs' possession. Pursuant to Fed.R.Civ.P. 33(d),

> [i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records…, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> (1) specifying the records that must be reviewed…; and
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records… .

Plaintiffs' possession of these records makes it unnecessary for Defendant to draft a response detailing "the dates upon which each named individual attended Dorothy Funk" and the "nature and location of the treatment or care rendered Dorothy Funk on each date."

Defendant is, however, instructed to provide the "qualifications and area of specialty" of the individuals who provided care for Dorothy Funk and, if known, their present address and employment. This information is relevant and proportionate and would not necessarily be contained in the medical records. Given that December 1, 2014, was the last time that Clearwater Nursing provided care to Ms. Funk, this inquiry is limited to September 29, 2014, to December 1, 2014, when she was a resident at the Clearwater Nursing facility. Given these

limitations, the Interrogatory is not overly broad, unduly burdensome or disproportionate to the needs of the case.

Plaintiffs' motion is thus **GRANTED in part** as to Interrogatory No. 10. Defendant shall serve its supplemental response to Interrogatory No. 10 **within thirty (30) days of the date of this Order**.

### C.     Interrogatory No. 9.

Interrogatory No. 9 asks Defendant to identify any "any entries in any medical or hospital records for Dorothy Funk [that Defendant contends] are incorrect or inaccurate… ." (Doc. 88-1, at 12.)  Defendant is asked what it "contend[s] the correct or accurate entry(ies) should be" as well as to identify the people Defendant "believe[s] are responsible for each such entry." (*Id.*) Defendant is further asked to provide the name, address, and employer of the individuals with knowledge of any such incorrect entries, to describe by "author and title of each and every document that you claim supports" any claim of inaccuracy, and to identify the persons Defendant "intend[s] to call as a witness in support of your contention." (*Id.*)

Defendant objects that Interrogatory No. 9 is "overly broad, vague, ambiguous, and unduly burdensome" and "seeks information that is not proportional to the needs of this case." (Doc. 88-1, at 12.)  The Court finds

Defendant's objections of vagueness and ambiguity to be unsupported boilerplate objections, as discussed *supra*. These objections are overruled.

The Court finds, however, that Interrogatory No. 9, as written, is facially overbroad, unduly burdensome, and disproportionate to the needs of the case, particularly given Defendant's concern that there is no time limitation in the Interrogatory. (*See id.*) Defendant argues that Interrogatory No. 9, as written,

> spans a scope of thousands upon thousands of pages of medical records across Mrs. Funk's entire life. It is not limited to her records from Defendant's facility. It is not limited to records authored by Defendant's employees. It is not limited in any fashion.

(Doc. 95, at 5.) The Court agrees that the Interrogatory, as written, is objectionable.

In their motion, however, Plaintiffs contend that "[t]his objection is silly" because Interrogatory No. 9

> does not require Defendant to examine all of Dorothy Funk's medical records over the course of her lifetime – or even over the last few years of her life. Instead, the interrogatory, in its very first words, is keyed to ***defendant's own contentions***. The interrogatory only comes into play 'if you contend that any entries' in the medical records 'are incorrect or inaccurate.' The only medical records implicated are those which Defendant intends to use for some purpose at trial.

(Doc. 87, at 9 (emphasis in original).)

The Court finds Plaintiff's clarification to be insufficient and incorrect. This Interrogatory is not linked to Defendants "contentions" in this case. Plaintiff stating that "[t]he interrogatory only comes into play 'if you contend that any entries' in the medical records 'are incorrect or inaccurate'" is not the same as limiting the inquiry to medical records relating to Defendant's actual contentions or defenses in this case. Defendant may very well "contend" that a particular entry in Plaintiff's medical records is correct. This does not mean that such a medical record is in any way linked to Defendant's contentions regarding the incident at issue and/or Plaintiff's alleged injuries.

To respond to Interrogatory No. 9, Defendant would be required to first review each entry in all of Plaintiff's medical records to determine if it is accurate – regardless of whether the entry is relevant to any issue in the case. As such, Interrogatory No. 9, on its face, is improper, overly burdensome, and not proportionate to the needs of the case. Defendant's objections are sustained and the Court **DENIES** this portion of the motion relating to Interrogatory No. 9.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (Doc. 77) is **GRANTED in part** and **DENIED in part** as more fully set forth above. All supplemental responses, including responsive documents, if any, shall be served by Defendant **within thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Answers to Second Interrogatories (Doc. 87) is **GRANTED in part** and **DENIED in part** as more fully set forth above. All supplemental responses, including responsive documents, if any, shall be served by Defendant **within thirty (30) days** of the date of this Order.

IT IS SO ORDERED.

Dated this 19th day of November, 2018, at Wichita, Kansas.

          S/ KENNETH G. GALE
          HON. KENNETH G. GALE
          U.S. MAGISTRATE JUDGE