# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARK FUNK, *et al.*,        )
                                         )
            Plaintiffs,     )
                                         )
v.                                  )
                                       )   Case No. 17-1099-JTM-KGG
PINNACLE HEALTH FACILITIES )
XXXIII, LP, d/b/a CLEARWATER )
NURSING & REHAB CENTER,   )
                                         )
            Defendant.     )
_____ )

## MEMORANDUM & ORDER ON
## MOTION TO EXTEND CLOSE OF DISCOVERY

Before the Court is Plaintiffs' Motion to Extend Close of Discovery. (Doc. 119.) Plaintiffs request an extension of the discovery deadline to March 16, 2019. Defendant opposes this motion, arguing that Plaintiffs have not shown good cause for the extension. For the reasons set forth herein, Plaintiffs' motion is **GRANTED in part**.

## HISTORY

This case has a long and tortured procedural history, complicated by a continuing lack of cooperation between counsel. The case was filed in state court on January 7, 2017. (Doc. 1.) Defendants were served with process on April 4 and 5, 2017. The case was removed to this court by Defendants on May 2, 2017.

1

(Doc. 1.)  Defendants filed Answers on May 3 and 9, 2017.  (Docs. 6 and 7.)  On

May 9, 2017, Defendant Pinnacle filed a motion to dismiss Count I of the Petition.

(Doc. 9.)  That motion was granted on August 15, 2017.  (Doc. 21.)

On August 21, 2017, the undersigned Magistrate Judge issued a notice

setting the initial scheduling conference for October 12, 2017, and setting a

deadline for October 5 for the parties planning meeting and initial disclosures.

(Doc. 22.)  According to the Report of Parties' Planning Conference submitted to

the Magistrate Judge, the parties conducted their planning conference on

September 15, 2017.

On October 5, 2017, Defendant Pinnacle Health served its initial disclosures.

(Doc. 24.)  On October 12, 2018, Defendant served discovery on Plaintiffs.  (Doc.

25.)  By the time of the scheduling conference it appears that Plaintiffs had served

their initial disclosures, although the court file does not reflect a notice of same.

(Doc. 26.)

The Court held a Scheduling Conference on October 12, 2017, and entered a

Scheduling Order on October 13.  (Doc. 26.)  The discovery deadline was set for

November 16, 2018.  Among other dates set were deadlines for expert disclosures

(Plaintiffs by April 25, 2018, Defendant by July 2, 2018, and rebuttal experts by

August 2, 2018.)  The final pretrial conference was set for December 4, 2018.  A

trial setting of June 11, 2019, was provided by the District Judge.  The Court

entered an Order for Inspection and Reproduction of medical records on January

12, 2018. (Doc. 27.)

Between the parties' planning conference of September 15, 2017, and the

filing by Plaintiffs of an unopposed motion to extend deadlines on April 25, 2017

(Doc. 32) – a period of over seven months – the court file does not reflect that the

parties conducted any discovery other than the discovery issued by Defendant on

October 12, 2017. (Doc. 25.) The unopposed motion to extend deadlines

requested modest adjustments to expert disclosure deadlines (Plaintiff's disclosures

due May 2, 2018, Defendant's due July 9, 2018, and rebuttal disclosures due

August 9, 2018) and modified the mediation schedule. The motion was granted

through a Revised Scheduling Order entered on April 27, 2018. (Doc. 33.) The

Discovery deadline, Pretrial Conference, and subsequent dates were not changed.

During the period before the Revised Scheduling Order, Plaintiff reached a

settlement with one Defendant, with Defendant Pinnacle (hereinafter "Defendant")

remaining. (Docs. 30, 31 (sealed), 38.)

On May 1, 2018, Plaintiffs served their expert disclosures. (Doc. 37, at 3.)

On May 30, 2018, Defendant filed a motion for a status conference. (Doc. 37.)

Defendant claimed difficulty scheduling depositions of Plaintiffs and Plaintiffs'

experts. Defendant claimed that several attempts had been made to schedule

depositions since February, but that each attempt had been unsuccessful or the

depositions had been cancelled by Plaintiffs. Defendant requested the Court's

assistance in scheduling depositions. Defendant complained that Plaintiffs had not

complied with settlement deadlines and that Plaintiffs had conducted no discovery.

Defendant requested a continuance of at least 30 days to provide its expert reports.

The Court held a hearing on June 13, 2018. (Doc. 49.) The Court adjusted

the mediation deadline and extended Defendant's expert disclosure deadline to

August 30, 2018, with the rebuttal expert disclosure deadline moved to October 12,

2018. Other unexpired deadlines remained unchanged.

Also considered at that hearing was Defendant's motion to quash a

deposition noticed unilaterally by Plaintiff. (Doc. 41.) In an Order entered on June

14, 2018, as a result of that hearing (Doc. 50), the Court noted that

> [t]his Court's deposition guidelines counsel cooperation
> between counsel in scheduling depositions. These
> laudable principals have not been generously applied in
> this case. The parties' communication concerning the
> scheduling of depositions has been ineffective, requiring
> Court intervention.

(Doc. 50 page 2.) The Court then ordered specific dates for the completion of

specific depositions.

On July 29, 2018, Plaintiffs filed a motion to quash and for a protective

order concerning Defendant's scheduling deposition of an expert. (Doc. 61.)

Plaintiffs requested that the deposition not be completed until after Defendant's

experts were disclosed and, claiming that defense counsel had been disrespectful to

a previous expert during her deposition, requested that defense counsel be admonished to be polite. The request to depose Plaintiffs' experts after Defendant's disclosures was contrary to the ruling the Court entered in its June 14, 2018, hearing. (Doc. 50.) Defense counsel denied the he was discourteous to Plaintiffs' expert. (Doc. 65.)

The motion to quash and for protective order was denied on October 9, 2018. (Doc. 96). The Court found that it had previously addressed the timing of the depositions. In that Order, the Court directed the parties to reschedule the expert's deposition and extended Defendant's expert deadline for 30 days following that deposition. (*Id.*)

On September 4, 2018, Plaintiffs filed a motion to compel. (Doc. 77.) This was followed by Plaintiff filing another motion to compel on September 18, 2018. (Doc. 86.) These motions were granted in part and denied in part by the Court on November 19, 2018, ordering that the granted portions result in compliance within 30 days (or by December 19). (Doc. 123.)

Defendant filed a motion to summary judgment on September 26, 2018. (Doc. 89.) That dispositive motion was granted in part and denied in part by the District Judge on November 19, 2018. (Doc. 124.)

On November 16, 2018, Plaintiffs filed the present motion requesting an extension of the discovery deadline to March 16, 2019. (Doc. 119.) Plaintiff's

counsel claimed he could not reach defense counsel, but received an e-mail message that counsel would not consent to the motion. Plaintiffs' counsel states that Defendant's expert disclosures are now due on December 20, 2018. He warns of an intent to possibly supplement his expert disclosures. Plaintiffs' observed a need for time to depose Defendant's experts and a likely intent to provide a rebuttal expert. Plaintiffs complained that Defendant has provided a rolling production of documents with significant documents produced only recently. Defendant opposes Plaintiffs' request for an extension of the discovery deadline. (Doc. 127.) Defendant claims that the delays were the fault of dilatory practices by Plaintiffs' counsel and that good cause for the extension has not been shown.

Plaintiff also intends to take a Rule 30(b)(6) deposition of a representative of Defendant. This deposition is now the subject of a motion for protective order, filed by the Defendant on December 3, 2018. (Doc. 128.)

## **ORDER**

There is little point in arguing who caused the leak in the boat when everyone needs to bail to keep if from sinking. The parties in this case deserve justice and a fair opportunity to have their substantive claims considered by the District Judge and, if appropriate, by a jury. The court and the parties are required to apply the rules of this Court "to secure the just, speedy and inexpensive determination" of this case. Fed.R.Civ.P. 1. We have failed to do that.

Plaintiffs' counsel did not diligently prosecute this case in its early months

and has, at times, employed aggressive or evasive tactics to compensate.

Frustrated defense counsel has reacted with increased rigidity. Neither counsel has

communicated well with the other. Notwithstanding the Court's admonitions, fact

remains that the relationship between counsel has deteriorated. The case has been

plagued with disagreements, motions, and formal challenges at nearly every stage.

Counsels' *ad hominum* attacks on each other have resulted in needless delay.

It is December. The discovery deadline set by the Court was November 16,

2018. The Pretrial Conference, which was set for December 4, 2018, did not

occur. Because the court previously ruled – in denying Plaintiffs' motion to

change the timing of depositions (a motion which ignored the Court's prior ruling)

– that Defendants' expert disclosures would be due 30 after the deposition of

Plaintiffs' expert, those disclosures are now due on December 20, 2018. Plaintiff

will need to depose defense experts and, to be consistent, may require time after

that to disclose rebuttal experts, who will need to be deposed. There is a new

pending discovery motion (Doc. 128) which will likely not be ripe for decision

until January, and which may be followed by another deposition.

Regardless of how we got here, Defendant's resistance to a resetting of the

discovery deadline is futile. However, the Court is not willing to grant a blanket

extension to the discovery deadline and intends to monitor this case more closely.

That stated, the following Orders are entered.

**A.    Discovery.**

The discovery deadline is extended to March 15, 2019, for the following

purposes only:

1.  Defendant will submit its expert disclosures by December
    20, 2018.  Any depositions of Defendant's experts will be
    completed by January 18, 2019.

2.  Any rebuttal expert disclosures will be submitted by the
    Plaintiff by February 15, 2019.  Defendant will complete
    any deposition of rebuttal experts by March 15, 2019.

3.  If, following the Court's ruling on the pending motion
    regarding the noticed 30(b)(6) deposition, the deposition
    proceeds, it will be completed by March 15, 2019.

4.  The supplemental production ordered by the Court (Doc.
    123) will be produced as instructed by December 19, 2018.

**B.    Additional Instructions.**

1.  Neither party may file a motion regarding scheduling or
    discovery without first obtaining an in-person informal
    hearing with the Magistrate Judge.

2.  The parties may not extend any deadlines by agreement
    without the consent of the Magistrate Judge.

3.  No new discovery may be initiated without the consent of
    the Magistrate Judge.

**C.    Additional Deadlines.**

1. An in-person status conference is set with the Magistrate Judge on January 14, 2019, at 2:00 PM.

2. The in-person Pretrial Conference is re-set for March 27, 2019, at 2:00 PM.  The parties' draft Pretrial Order is due March 20, 2019.

3. The dispositive motion deadline has been re-set for April 12, 2019; response due May 3, 2019; reply due May 17, 2019.

4. The deadline for *Daubert* motions is July 29, 2019.

5. *In Limine* motions and proposed jury instructions are due by September 18, 2019; responses to *in limine* motions and proposed instructions are due by September 23, 2019.

6. The *in limine* conference is set for September 25, 2019, at 2:30 p.m.

7. The jury instruction conference is set for September 30, 2019, at 2:30 p.m.

8. The Jury trial is re-set for October 1, 2019 (10 days estimated).

IT IS SO ORDERED.

Dated this 12th day of December, 2018, at Wichita, Kansas.

s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE