## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARK FUNK and ALAN FUNK, as heirs at )
law of their mother, Dorothy Funk, deceased; )
 )
     Plaintiffs, )
vs. ) Case # 6:17-CV-1099-JTM-KGG
 )
PINNACLE HEALTH FACILITIES XXXII, )
d/b/a CLEARWATER NURSING & REHAB; )
 )
     Defendant. )

### PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiffs hereby move for partial reconsideration of certain rulings in the Court's Order (Doc. 141) concerning Defendant's Motion for Protective Order. (Doc. 128.)  The Court may consider this motion pursuant to Rule 7.3(b). *Quality Time, Inc. v. West Bend Mut. Ins. Co*., 2012 WL 6705986, *1 (D. Kan. 2012).  The Court "has the inherent power to reconsider its interlocutory rulings" and should do so when "error is apparent." *Id*., *citing Warren v. Am. Bankers Ins*., 507 F.3d 1239, 1243 (10th Cir.2007).  Rule 7.3(b)(3) permits reconsideration "to correct clear error or prevent manifest injustice."

### OVERVIEW

Some of the rulings in question, identified below, defeat the overall purpose of Rule 30(b)(6).  Plaintiffs offer two principles to guide reconsideration.  First, a party responding to discovery requests must interpret them with reason and common sense, and apply ordinary definitions to the terms and phrases utilized. *National Railroad Passenger Corp. v. Cimarron Crossing Feeders, LLC*, 2017 WL 1408226, at *5 (D. Kan. 2017).  Defendant will be

represented by counsel during the 30(b)(6) deposition.  Counsel will undoubtedly object to any vague or ambiguous question.  Also, a responding party "may include any reasonable definition of the term or phrase at issue" when "necessary to clarify its answers." *Myers v. Dolgencorp, Inc.*, 2005 WL 8160686, at \*3 (D. Kan. 2005).

Second, the basic purpose of the 30(b)(6) deposition should be applied when considering the propriety of the topics.  The corporate deposition is not intended to provide basic discovery such as that obtained by interrogatories or by depositions of fact witnesses or experts.  The purpose of the 30(b)(6) depositions is to identify and tie down the position of the entity itself, something which cannot be done with other forms of discovery.  In a Rule 30(b)(6) deposition, "no distinction exists between the designated corporate representative and the corporation.  During the Rule 30(b)(6) deposition, the designated corporate representative does not give his or her personal opinion like an individual does, but rather presents the corporation's position on the topic.  In other words, the designee testifies on behalf of the corporation and thus holds it accountable." *In re Motor Fuel Temperature Sales Practices Litigation*, 2009 WL 5064441, \*2 (D. Kan. 2009.)

"Most importantly, the designated representative's testimony is binding on the corporation.  In contrast, the testimony of a corporation's employee [or expert], when taken in his or her individual capacity, does not bind the corporation." *Id*.  Thus, a corporation has an affirmative duty to use good faith to provide a witness able to give binding answers on behalf of the corporation in response to reasonable discovery requests, applying ordinary and common definitions of the terms and phrases utilized. *Ecclesiastes 9:10-11-12, Inc. v. LMC*

2

*Holding Co.*, 497 F.3d 1135, 1147-48 (10th Cir. 2007).  Though such a task may be burdensome or "onerous," it is required by the corporate form of conducting business. *Sprint Communications Co., v. Theglobe.com, Inc.*, 236 F.R.D. 534, 528 (D. Kan. 2006).

## I.   PLAINTIFFS' TOPIC ONE IS STATED WITH "REASONABLE PARTICULARITY" AND IS NEITHER VAGUE NOR OVERBROAD.

Plaintiffs' first topic consists of two sentences: "Facility polices and procedures related to falls, fall prevention, and fall interventions, including the content, location, format, formulation, retention of all such written policies.  This topic includes all such policies and procedures that arise from federal or state regulations or statutes, as well as policies and procedures arising from standard practice, training, experience, or common law." The first sentence sets forth the topic of inquiry.  The Court recognized that this "initial topic" is "self-explanatory." (Doc. 141, p. 10.) The second sentence merely provides particularity as to the scope of the inquiry, i.e., potential sources of policies or duties for Defendant's consideration.  On its face, this topic is neither vague nor overbroad.  Defendant makes no valid showing of either.

Instead, Defendant feigns ignorance and lodges inane questions: "Are Plaintiffs simply asking for the policies to be identified? What areas of inquiry regarding the policies do Plaintiffs have? What are 'common law' policies? The term 'standard practice' is confusing (standard practice of the facility, of Kansas, etc.?), and may call into question expert questioning. The topic also only cites vaguely to federal and state 'regulations or statutes' without specificity." (Doc. 129, at 8.)

As noted above, a party responding to discovery requests cannot act obtuse in order to complicate simple discovery requests. Rather, Defendant must interpret the requests with reason and common sense, and must apply ordinary definitions to the terms and phrases utilized. The defense attorneys are permitted to prepare the corporate designee(s). Any suggestion that those attorneys might not truly understand the common meanings of the words used here lacks all credibility. Any law school graduate knows what "common law" means and understands how the common law might give rise to policies and legal duties. A first year lawyer understands that the pertinent standard of practice is that which applies to the defendant facility and its staff. Plaintiffs did not explain this point because it is obvious.

Likewise, any person who has completed a first year torts class understands what "standard practice" means, and how such practice in a particular field gives rise to legal duties and policies. Similarly, the reference to federal and state regulations or statutes is simply a direction that the corporate designee be prepared to testify regarding such regulations to the extent that they form the basis for any of Defendant's policies.

Rather than resolve ambiguities, the Court's ruling has fueled the fires of feigned confusion by striking the second sentence, which merely elaborates on the scope of the first. As such, the Defendant will likely twist that ruling throughout the course of the deposition in an attempt to avoid or confuse legitimate questions on this topic.

This has increased significance because the Court has also applied its ruling on Topic 1 to Topic 19, which very specifically seeks information regarding Defendant's "policies and procedures, written or oral, for dealing with residents identified as fall risks, and for

4

interventions and prevention of falls by elderly residents." If Topic 1 has been limited for being confusing, Topic 19 should be reinstated, because it provides detailed, non-ambiguous directions as to specific policies about fall risk residents for which Plaintiffs seek information. For purposes of clarity – and to avoid constant conflict during the deposition – Topic 1 should be restored in full and Topic 19 should be reinstated.

## II.     TOPIC TEN IS NOT OVERBROAD AS ACTUALLY WORDED.

Topic 10 included, *inter alia*, "The **formal, documented** assessments (including the clock test and BIMS) of Dorothy Funk by facility staff, including ... (a) the facility policies and procedures related to assessments, and documentation thereof; (b) the scheduling, timing, or deadlines of all **formal or periodic assessments** . . . , and the dates such assessments were performed, including all assessments made (I) upon admission, (ii) within 48 hours of admission (iii) throughout her residency, and (iv) **periodic assessments** for any purpose; (c) the conditions or changes of status that required **formal assessments or periodic assessments** at any time during her residency; . . . " (Doc. 118, p. 5). As the initial phrase made clear, the topic was limited to "formal, documented" assessments, and did not refer to any informal, routine "assessments" made by staff on a constant basis.

Nevertheless, Defendant argued that Request 10 was "facially over broad and not proportional to the needs of the case" . . . "because [a]ssessments are done during every interaction with the resident. In a facility such as Defendant, the caregivers are always assessing the residents, and therefore, compliance with Plaintiffs' request is nearly impossible." (Doc. 129, at 14.) The Court agreed and granted Defendant's motion as to this

5

topic. (Doc. 141, p. 18.)  In fairness, the Court acknowledged at the status conference that it had missed the language that limited the topic to formal or periodic documented assessments.  On that basis, Plaintiffs submit that inquiry on this topic should be permitted.

**III.    TOPICS REGARDING DEFENDANT'S CONTENTIONS ARE  PROPER AND NECESSARY TO IDENTIFY THE ENTITY'S POSITION ON SUCH ISSUES.**

Plaintiffs' Topic 17 seeks information about "Defendant's factual contentions and defenses asserted by defendant in this lawsuit . . . including . . .any affirmative defenses, and all contentions of comparative fault. The corporate designee on this topic should be prepared to testify concerning the identity of any witness, and any facts, known to Defendant to support its contentions, defenses, or claims of comparative fault, including the substance of the testimony of any such witness." (Doc. 118, p. 8.)

In response, Defendant relies on a case that is nearly twenty-five years old.  Since that time, federal courts have consistently permitted questioning in 30(b)(6) depositions about the facts supporting the entity's contentions and defenses.  This is no different than permitting a defendant to depose a human plaintiff about his facts and contentions in a lawsuit.

Most courts have found no basis to distinguish contention questions at a Rule 30(b)(6) deposition from contention interrogatories. *See, e.g., Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617 (N.D.Okla.2009), *citing U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 434 (D. Neb.2006) ("This court cannot discern how the same factual information can be protected . . . when elicited in oral deposition questions, but fully discoverable within the context of a written interrogatory"); *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218

F.R.D. 29, 34 (D. Conn.2003) ("As courts have held contention interrogatories seeking the factual bases for allegations would not encroach on protected information, … it is not apparent how the same information would be otherwise unavailable through questions posed to a deponent in the course of a deposition"); *In Re Vitamins Antitrust Litigation*, 216 F.R.D. 168, 171–74 (D. D.C. 2003) (permitting 30(b)(6) questions about contentions and supporting facts, and rejecting argument that such discovery was unnecessary and duplicative); *Radian Asset Assur., Inc. v. College of the Christian Bros. of New Mexico*, 273 F.R.D. 689, 692 (D. N.M. 2011).

In *Radian*, the New Mexico District Court observed that, under the federal rules, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that the rules do not require parties to conduct discovery in a particular sequence. "[T]o limit the 30(b)(6) deposition as the College suggests would lead to endless disputes and **undercut the utility of this important device against corporations**. The Court sees no great problem with allowing overlap between the sorts of information obtained through contention interrogatories and 30(b)(6) depositions. While counsel will have to carefully prepare the 30(b)(6) representative, counsel must always do so. Moreover, the 30(b)(6) representative will have counsel present to protect privileged matters. The Court therefore denies the Motion [for a protective order]." 273 F.R.D. at 692, emphasis added.

Similarly, the United States District Court for Nebraska denied a "defendant's request for a protective order to limit the scope of Rule 30(b)(6) deposition questioning to preclude inquiry into the factual bases for defendant's asserted position statements and affirmative

defenses" in *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 434 (D. Neb.2006).

The District of Kansas has also permitted "contention" topics in a 30(b)(6) deposition. In *S.E.C. v. Kovzan*, 2013 WL 653611, at *3, *4 (D. Kan. 2013), the court denied a protective order which attempted to preclude a 30(b)(6) deposition including "several topics concern[ing] the factual basis for the SEC's contentions and theories of this case." Magistrate Sebelius acknowledged the opinion from 1996 relied on by Defendant here, as well as the possibility that interrogatories might be more efficient. (*Id.* at *4., *see* n. 22), Nevertheless he allowed the deposition to go forward, noting that "generally, however, parties are free to 'choose the manner and method in which they conduct discovery,' and the court will not interfere with that choice." *Id.*

The magistrate cited another case from this district, *White v. Union Pac. R.R. Co.*, 2011 WL 721550, at *2 (D. Kan. Feb. 22, 2011), in which this Court permitted contention inquiries at a 30(b)(6) deposition. *S.E.C.*, 2013 WL 653611, at *4, n. 23. Plaintiffs submit that the ruling in *White* should be controlling here. *White* held that a party objecting to a deposition topic must set forth a specific, particularized showing as to how the requested deposition testimony is objectionable, *citing Cohen–Esrey Real Estate Servs. v. Twin City Fire Ins. Co.*, 2009 WL 4571845, at *1 (D. Kan. Dec. 3, 2009). This Court held that defendant had failed to make the required showing. *White*, 2011 WL 721550, at *4. Defendant here has also not made a "specific, particularized showing" of undue burden to the corporation from permitting Plaintiffs to proceed with the "contention" topics.

The rule enunciated in both *White* and *S.E.C.* should control here, *i.e.*, that parties are free to "choose the manner and method in which they conduct discovery, and the court will not interfere with that choice." This rule was recognized again by this Court in the instant ruling on the protective order: "It is well-established that courts generally will not interfere with a party's chosen manner and method of discovery. [Citations omitted.] The Court finds the same is generally true for the timing and sequence" of discovery. (Doc. 141, p. 7.)

The Court's ruling here on legal contentions conflicts with its prior decision on 30(b)(6) inquiries in *Waters v. Union Pacific Railroad Co.*, 2016 WL 4479, at *2 (D. Kan. 2016). Here, the Court rejected Topic 16 as requiring improper "questioning of a lay witness regarding legal conclusions." (Doc. 141, p. 22.) This appears to overlook the fact that the 30(b)(6) deponent will be both represented and well prepared by counsel, who can object.

This also appears to be directly contrary to the holding in *Waters* regarding "Legal Conclusions." There, the Court observed that "Defendant objects that Rule 30(b)(6) depositions 'are designed to discover facts, not contentions or legal theories.' . . . Plaintiff responds that a deposing party is not precluded from inquiring as to the opposing party's legal positions. . . . ***Plaintiff is correct***. *See P.S., et al. v. the Farm, Inc., et al.*, No. 07-2210-JWL, 2009 WL 483236, at *11 (holding that "while any objections based on ...calling for a legal conclusion can certainly be raised during the Rule 30(b)(6) deposition, such objections do not constitute good cause to enter a protective order preventing a Rule 30(b)(6) deposition..."). As such, this objection of Defendant is overruled." *Waters* at *2.

Other federal courts have recognized that questioning about legal conclusions is acceptable in a 30(b)(6) deposition. *Waters* cited the Kansas decision in *P.S., et al. v. the Farm, Inc., et al.*, 2009 WL 483236, at *11 (D. Kan. 2009) as well as the holding in *Canal Barge Co. v. Commonwealth Edison Co.*,2001 WL 817853, at *2 (N.D. Ill July 18, 2001). Similarly, the U.S. District Court for Colorado permitted 30(b)(6) inquiry into legal theories in *Century Surety Company v. Smith*, 2014 WL 7666061, at *5 (D. Colo. 2015): "As to several topics, Century Surety argues that Defendants should be prohibited from inquiring into legal matters, rather than factual matters, because depositions cannot be used to develop legal theories. The Court disagrees. Rule 30(b)(6) depositions can be used to develop the deponent's legal contentions." *Id*. at *5.

Although interrogatories at times may be the more appropriate form of discovery, "the fact that discovery is sought through another vehicle – in this case a Rule 30(b)(6) deposition – does not transform discoverable material into protected material." *S.E.C.*, 2013 WL 653611, at *3. "It is of no consequence that [another discovery tool] may be the more appropriate route to obtain the information as nothing precludes a deposition either in lieu of or in conjunction with [other tools]." *F.D.I.C. v. Hutchins*, 2013 WL 12109446, at *4 (N.D. Ga. 2013).   In fact, there are situations where, given the history and timing of a case, interrogatories may not be as efficient as a 30(b)(6) deposition. *S.E.C.*, 2013 WL 653611, at *4.  Plaintiffs submit this is true here, because the deposition allows them to cross-examine a live witness.  In contrast, attempts at paper discovery have been largely unproductive.

IV.     **TOPIC 18 IS NECESSARY AND PROPER TO IDENTIFY THE ENTITY'S POSITION ON FACTS AND THEORIES IDENTIFIED BY ITS EXPERTS.**

Plaintiffs' Topic 18 seeks **the corporate position** on "All factual contentions, legal positions, defenses, and claims of comparative fault raised in defendant's expert disclosures or expert reports, including all such information referenced in **Defendant's discovery responses** . . . and the **factual and evidentiary basis for each** and the **supporting witnesses for each** and substance of their testimony." This is an entirely appropriate line of inquiry for a 30(b)(6) deposition. In *Sierra Club v. Energy Future Holdings Corp*., 2013 WL 12244352, *4 (E.D. Tex. 2013), a plaintiff contended it did not need to designate a corporate representative on certain topics because interrogatory responses and expert witnesses provided sufficient information about facts at issue in the lawsuit. The defendant responded that such information was an "inadequate substitute for deposition testimony pursuant to Rule 30(b)(6)." The court agreed, holding that provision of an expert witness is not an excuse for failing to provided a Rule 30(b)(6) witness. *Id*.

Similarly, a court in the Tenth Circuit observed: "Corporate witnesses under Rule 30(b)(6) are representatives of the organization and are charged with testifying on behalf of the organization about facts known or reasonably known. [Citation omitted.] Conversely, expert witnesses are not called upon to testify as to facts known to an organization, but are instead called upon to offer opinion based on facts provided [to them by defense counsel]." *MP NexLevel, LLC v. Codale Elec. Supply, Inc*., 2012 WL 2368138, at *2 (D. Utah 2012). "**Therefore, an expert witness is not suited to testify as to facts known to an organization and is not a substitute for the testimony of a Rule 30(b)(6) corporate**

**representative**." *Id*., emphasis added.

"An attempt to so limit a Rule 30(b)(6) deposition is not warranted. Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored." *Marker v. Union Fidelity Life Ins. Co*., 125 F.R.D. 121, 126 (M.D. N.C. 1989); *Ierardi v. Lorillard, Inc*.,1991 WL 158911, at *1 (E.D. Pa. 1991). Production of documents like expert disclosures and responses to written discovery "is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent.... [T]he two forms are not equivalent, and depositions provide a more complete means to obtain information, and are, therefore, favored." *F.D.I.C. v. Hutchins*, 2013 WL 12109446, at *3 (N.D. Ga. 2013). "Similarly, in responding to a Rule 30(b)(6) notice ..., a corporation may not take the position that its documents state the company's position." *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, at *4 (D. Nev. 2013), *citing In re: Vitamins Antitrust Litig*., 216 F.R.D. 168, 172, 174 (D.D.C.2003)

Regarding Topic 18, Plaintiffs do not seek to indirectly obtain discovery from the expert witnesses themselves. Plaintiffs are not attempting to "identify the facts upon which [the experts] relied in formulating their opinions," nor are they attempting to get a corporate representative to "surmise as to the factual bases for the experts' opinions." (Doc. 141, p. 22.) Instead, Plaintiffs seek to tie down the corporation as to its own understanding of the facts, legal positions, defenses, and claims of comparative fault cited in Defendant's expert disclosures, including all such information "referenced **in Defendant's discovery responses**," and "the **factual and evidentiary basis for each** and the **supporting witnesses**

**for each."** (Doc. 118, p. 8, emphasis added.)

With this limitation – the corporation's own knowledge and understanding – Plaintiffs should be allowed to proceed on this topic. "The testimony of a Rule 30(b)(6) deponent represents the knowledge of the organization rather than the knowledge of an individual deponent," and he or she must "provide **the entity's interpretation of events and documents**." *FDIC v. 26 Flamingo, LLC*, 2013 WL 3975006, at \*4 (D. Nev. 2013) (emphasis added) (*citing Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv.*, 285 F.R.D. 481, 486 (N.D. Cal. 2012); *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D. N.C. 1996). The corporate designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions, as "the designee, in essence, represents the corporation just as an individual represents him or herself at a deposition." *Id.,* at 361.

A "plaintiff is entitled to the knowledge of the corporation and the corporation's positions on matters clearly relevant and discoverable," and "testimony provided by individual employees [including retained experts] does not satisfy the need for Plaintiff to obtain binding testimony from the corporate entity." *F.D.I.C. v. Hutchins*, 2013 WL 12109446, at \*3 (N.D. Ga. 2013). "**If a corporation has knowledge or a position as to a set of alleged facts** or an area of inquiry . . . its officers, employees, agents or others . . . must present the position, give reasons for the position, and more importantly, stand subject to cross-examination." *Id*., emphasis added. ("Defendant Hutchins's 30(b)(6) request is consistent with Rule 26's generous discovery principles.")

## V.  STANDARD OF CARE IS AN ACCEPTED, PROPER TOPIC FOR 30(B)(6) DEPOSITIONS.

Plaintiffs' Topic 20 seeks **the corporate position** on the standard of care Defendant "applied to the provision of care to resident Dorothy Funk" during her stay of approximately three months at Clearwater Nursing and Rehabilitation Center. (Doc. 118, p. 8.)  This topic includes the standard of care Defendant applied "to prevention of falls and fall interventions as applicable to Dorothy Funk." (*Id.*, p. 9.)  This topic seeks actual facts, not expert opinion.

Nevertheless, the Court granted the protective order as to this topic, finding that the provision of a "corporate deponent on this topic is unnecessarily cumulative and duplicative given the expert reports, expert depositions, and opportunity to depose health care professionals in this case." Such a ruling defeats the purpose of a 30(b)(6) deposition, which, as noted, is to provide discovery of the entity's actual knowledge and position, just as if that entity were a human plaintiff.  The basis for the Court's ruling was rejected in *F.D.I.C. v. Hutchins*, 2013 WL 12109446, at *3 (N.D. Ga. 2013).  The  FDIC had argued that Hutchins's 30(b)(6) Notice was unreasonably cumulative because it has already produced all the documents upon which it based its litigation position, and an additional 30(b)(6) deposition is unnecessary.  The Court rejected FDIC's argument that its production of loan files and other miscellaneous documents constituted all of the discoverable information to which Hutchins was entitled. "Producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent.... [T]he two forms are not equivalent, and depositions provide a more complete means to obtain information, and are, therefore, favored." *Id*. at *3..  The court held that Hutchins was

entitled to a 30(b)(6) deposition and that a corporation may not take the position that other discovery adequately provides the company's position." *Id*.

"Defendant Hutchins is free under the federal rules to investigate the issues that may support his defense. Moreover, '[i]t is of no consequence that [another discovery tool] may be the more appropriate route to obtain the information as nothing precludes a deposition either in lieu of or in conjunction with [other tools]. [Citations omitted.]'" *Id.* at *4.

Moreover, Defendant has failed to make a particularized, concrete showing of any undue burden that would result from the "cumulative" discovery. The degree of harm from any "cumulative" discovery, which might entitle Defendant to a protective order, is entirely speculative. There is no showing that this vague concept outweighs the burden on a corporation to provide a qualified representative to address legitimate discovery requests.

The request here is legitimate and has a valid basis. A corporate entity should be aware of the standard of care that applies to it, and, if not, that lack of such knowledge is highly relevant to a jury on the issue of corporate negligence. *Garoutte v. American Family Mut. Ins. Co.*. 2013 WL 5770358, at *2 (W.D. Wash. 2013) (permitting 30(b)(6) deposition on standard of care and denying motion for protective order on 30(b)(6) deposition.) *See also F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, at *4 (D. Nev. 2013) (in responding to a Rule 30(b)(6) notice ..., a corporation may not take the position that its documents state the company's position.")

Other courts have recognized that standard of care questions are fair, proper lines of inquiry in a 30(b)(6) deposition. *See, e.g., English v. Washington Metropolitan Area Transit*

15

*Authority*, 323 F.R.D. 1 (D.C.C. 2017) ("the identified topics are all appropriate lines of inquiry for discovery because they concern the Incident and the applicable standard of care"); *C.R. Custom Repairs, L.L.P. v. Western Heritage Insurance Company*, 2014 WL 2763901 (D. Colo. 2014) ( Rule 30(b)(6) deposition notice requiring defendant to designate a witness to testify about the application of the defendant's practices, procedures, and standards was proper); *Edison v. Acuity Healthcare Holdings, Inc.*, , 2016 WL 6518800, *3 (N.C. 2016) ( Acuity's 30(b)(6) designee was the person who could best speak to certain clinical care standards and to consistency among Acuity's hospitals); *Chicago Ins. Co. v. Health Care Indem., Inc.*, 2012 WL 6929428, *4 (W.D. W.V. 2012) (Rule 30(b)(6) witness testified regarding standard practice in insurance industry).

Plaintiff should be permitted to proceed on Topic 20 as the applicable standards of care represent discoverable, proper lines of inquiry consistent with the broad discovery permitted by Rule 26.

## CONCLUSION

WHEREFORE, Plaintiffs' motion for partial consideration should be granted in each of its particulars.

Respectfully submitted,

  /s/ Donald A. McKinney
Donald A. McKinney, #13415
McKinney Law Firm
3122 N Cypress Dr # 500,
Wichita, KS 672265
316-686-1477, fax:(316) 634-1418
Email: damlaw1@cox.net
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 7th day of February, 2019, a true and correct copy of the above and foregoing was filed electronically using the federal courts' Case Management and Electronic Case Files system, which will send a notice of electronic filing and a copy of the filing to all counsel of record, including:

Brian L. White
Greg Young
Hinkle Law Firm LLC - East Wichita Office
1617 North Waterfront Pkwy, Suite 400
Wichita, KS 67206-6639
316-267-2000
Fax: 316-630-8466
Email: bwhite@hinklaw.com
*Attorneys for Defendants*

                              /s/ Donald A. McKinney
                              Donald A. McKinney, KS #13415