IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK FUNK, *et al.*,               )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )   Case No.: 17-1099-JTM-KGG
                                    )
PINNACLE HEALTH                     )
FACILITIES XXXII, LP, *et al.*,     )
                                    )
            Defendants.             )
_____)

# MEMORANDUM & ORDER ON MOTION TO RECONSIDER

Now before the Court is Plaintiffs' "Motion for Partial Reconsideration on Defendant's Motion for Protective Order." (Doc. 143; prior motion Doc. 128; underlying Order Doc. 141.) Having reviewed the submissions of the parties, as well as related case filings, Plaintiffs' motion (Doc. 143) is **GRANTED in part** and **DENIED in part** as more fully set forth below.[1]

# FACTUAL BACKGROUND

The factual background of this negligence and wrongful death suit was summarized in the underlying Order and is incorporated by reference. (Doc. 141,

---

[1] By this Order, the Court also corrects two errors in the underlying Order (Doc. 141). The final paragraph regarding Topic 2 on page 13 of the prior Order should have stated "For the reasons discussed above, these objections are **overruled**." On page 18, as to the final sentence regarding Topic 10, the Order should have stated "Defendant's objections are **sustained** and the motion is **GRANTED** as to Topic No. 10."

1

at 1-3.)  In the underlying motion, Defendant Pinnacle Health Facilities XXXII, LP (hereinafter "Defendant") contended, in relevant part, that "[t]he amended deposition notice lacks the 'painstaking specificity' required by law and it subjects Defendant to an impossible task."  (Doc. 129, at 2.)  As such, Defendant asks the Court to enter a protective order "prohibiting this improper attempt to run-up Defendant's fees and costs and to otherwise unduly burden and harass Defendant with unnecessary and irrelevant attempts at discovery."  (*Id*.)

## ANALYSIS

I. **Legal Standards.**

The legal standards for discovery, Rule 30(b)(6) depositions, and protective orders were discussed in the Court's underlying Order.  (Doc. 141, at 3-6.)  Those standards are incorporated herein by reference.

As to the standards for a motion to reconsider, it "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."  ***Voelkel v. Gen. Motors Corp.***, 846 F.Supp. 1482, 1483 (D. Kan. 1994), aff'd, 43 F.3d 1484 (Table) (10th Cir. 1994).  "A motion for reconsideration must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  D. Kan. Rule 7.3 (emphasis added).  Plaintiffs' motion is based on the third option.

II. **Rulings Disputed by Plaintiffs.**

### A. Procedures Relating to Falls (Topics 1 and 19).

The first topic in the deposition notice is "[f]acility procedures related to falls, fall prevention, and fall intervention including the content, location, format, formulation, retention of all such written policies." (Doc. 94, at 1-2.) The second sentence of the topic instructs that the topic "includes all such policies and procedures that arise from federal or state regulations or statutes, as well as policies and procedures arising from standard practice, training, experience, or common law." (Doc. 94, at 1.) Defendant objected that the topic is "broad and vague as stated." (Doc. 129, at 8.)

In the underlying Order, the Court held that the first sentence of the topic – facility procedures related to falls, fall prevention, and fall intervention – is self-explanatory and appropriate. The Court continued, however, that the remainder of the topic unnecessarily complicates and confuses the subject. The Court thus granted Defendant's objections, in part, striking second sentence of Topic 1.

Plaintiffs now argue that "[t]he first sentence sets forth the topic of inquiry" while "[t]he second sentence merely provides particularity as to the scope of the inquiry, i.e., potential sources of policies or duties for Defendant's consideration." (Doc. 143, at 3.) Plaintiffs contend that facially "this topic is neither vague nor overbroad" and Defendant has made "no valid showing of either." (*Id*.)

The Court notes, as it did in the underlying Order, that Plaintiffs' response to the underlying motion did not address these objections. (Doc. 141, at 10.) Further, Plaintiffs' brief did not even discuss Topic No. 1 specifically. (*See generally* Doc. 137.) As Defendant argues, "Plaintiffs could have made these same arguments in their Response to the Motion for Protective Order and chose not to do so." (Doc. 148, at 5.) As such, these arguments are waived. *Cf. McCoy v. Miller*, No. 12-3050-JAR-KGS, 2014 WL 1977207, at *1 (D. Kan. May 15, 2014) (citing *Marshall v. Charter*, 75 F.3d 1421, 1426 (10th Cir.1996)) (holding that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). The Court **DENIES** Plaintiffs' motion to reconsider as to Topic No. 1.

The underlying Order held that Topic 19 was cumulative of Topic 1. Topic 19 seeks a deponent as to Defendant's "policies and procedures, written or oral, for dealing with residents identified as fall risks, and for interventions and prevention of falls by elderly residents." (Doc. 94, at 8.) Plaintiffs now ask that to have Topic 19 "reinstated, because it provides detailed, non-ambiguous directions as to specific policies about fall risk residents for which Plaintiffs seek information." (Doc. 143, at 5.) Given the limitation placed on Topic 1, as well as the nature of Plaintiffs' factual allegations, the Court **GRANTS** Plaintiffs' motion as to Topic 19 and reinstates the topic for purposes of the 30(b)(6) deposition.

## B. Assessments (Topic 10).

This topic seeks testimony regarding the assessments performed on decedent by Defendant's staff. (Doc. 94, at 5.) Defendant argued that the request is facially over broad and not proportional to the needs of the case. (Doc. 129, at 14.) According to Defendant, "[i]t would be impossible to adequately prepare a representative to testify as to the scope of this topic" because

> [a]ssessments are done during every interaction with the resident. In a facility such as Defendant, the caregivers are always assessing the residents, and therefore, compliance with Plaintiffs' request is nearly impossible.

(*Id*.) The Court granted the underlying motion as to this topic, agreeing that it is facially over broad and disproportionate to the needs of the case.

Plaintiffs now argue that "the topic was limited to 'formal, documented' assessments, and did not refer to any informal, routine 'assessments' made by staff on a constant basis." (Doc. 143, at 5.) While this may be so – and the Court acknowledged Plaintiffs' stated limitation at a status conference attended by the parties – the majority of such "formal, documented" assessments would involve activities that are completely unrelated to the claims and events at issue in this lawsuit.

Further, Plaintiffs' response to the underlying motion did not discuss Topic No. 10 specifically or Defendant's objections to the topic. (*See generally* Doc. 137.) Plaintiffs had the opportunity in their brief in opposition to the underlying

5

motion to discuss why Defendant's objections were improper or misplaced. Plaintiffs failed to do so. As argued by Defendant, "Plaintiffs' Motion to Reconsider is simply an attempt to make a stronger argument that should have been made initially, which is improper." (Doc. 148, at 5.) As such, these arguments are waived. *McCoy*, 2014 WL 1977207, at *1. The Court thus **DENIES** Plaintiffs' motion to reconsider as to Topic No. 10.

### C. Defendant's Contentions (Topic 17).

Topic 17 requests a deponent to testify regarding

> Defendant's factual contentions and defenses asserted by defendant in this lawsuit, whether pleaded formally or informally, including any defenses relied upon at any time by Defendant, any affirmative defenses, and all contentions of comparative fault. The corporate designee on this topic should be prepared to testify concerning the identity of any witness, and any facts, known to Defendant to support its contentions, defenses, or claims of comparative fault, including the substance of the testimony of any such witness.

(Doc. 94, at 8.) Citing ***In re Independent Serv. Org. Antitrust Lit.***, 168 F.R.D. 651, 654 (D. Kan. 1996), Defendant argued that "[t]his Court has recognized that a Rule 30(b)(6) deposition is not the proper forum for discovery as to legal contentions." (Doc. 129, at 17.)

Plaintiffs relied on a prior opinion from the undersigned Magistrate Judge, which held that a deposing party is not precluded from inquiring as to the opposing party's legal positions in a Rule 30(b)(6) deposition. (*See* Doc. 137, at 11 (citing

6

*Waters v. Union Pac. RR. Co.*, 2016 WL 4479127, at *2 (D. Kan. August 25, 2016).) In the underlying Order, the undersigned Magistrate Judge reconsidered its holding in *Waters*. The Court found that to the extent the *Waters* opinion holds that a 30(b)(6) deposition can proceed regarding legal conclusions and that a protective order would therefore be improper, the undersigned Magistrate Judge no longer agreed with that conclusion. (Doc. 141, at 22.)

Citing cases from outside the District of Kansas, Plaintiffs now argue that "[m]ost courts have found no basis to distinguish contention questions at a Rule 30(b)(6) deposition from contention interrogatories." (Doc. 143, at 6 (citations omitted.) In its prior order, however, this Court specifically discussed and analyzed how questions regarding a party's legal contentions at a Rule 30(b)(6) deposition *do* differ from contention interrogatories. The Court noted that interrogatories that inquire as to legal contentions may be appropriate because they are answered by a party and/or its representatives with the assistance of legal counsel. (Doc. 141, at 22.) Deposition inquiries, on the other hand, are the direct answer of a party, or in this case, its 30(b)(6) representative. (*Id.*) The Court stated that it was improper to directly question a lay witness regarding a party's legal contentions, thus granting Defendant's underlying motion. (*Id.*) Nothing in Plaintiffs' current motion has caused the Court to question this conclusion. A

party's binding legal positions in litigation should be established with the assistance and input of a party's attorney.

The Court does, however, reconsider its prior ruling to clarify that Plaintiffs are entitled to question the 30(b)(6) deponent as to Defendant's factual contentions. This would be in accord with the District of Kansas case cited in Plaintiffs' motion to reconsider. ***S.E.C. v. Kovzan***, No. 11-2017-JWL, 2013 WL 653611 (D. Kan. Feb. 21, 2013). In ***Kovzan***, the court denied a request for a protective order seeking to preclude a 30(b)(6) deposition that included topics concerning "*the factual basis* for the SEC's contentions and theories in this case …" 2013 WL 653611, at *3 (emphasis added). Similarly herein, Plaintiffs are allowed to inquire with the 30(b)(6) deponent as to Defendant's factual contentions.[2]

### D. Expert Disclosures or Reports (Topic 18).

Topic 18 seeks a corporate deponent regarding the

> factual contentions, legal positions, defenses, and claims
> of comparative fault raised in Defendant's expert
> disclosures or expert reports including all such
> information referenced in Defendant's discovery

---

[2] Even so, the Court notes that in ***Kovzan***, Magistrate Judge Sebelius stated that there was a "compelling argument" that such deposition topics "could be obtained through interrogatories," thus "eliminating the need for the SEC to prepare a deponent to testify about these topics." *Id*., at *4. He then encouraged the parties to "confer in an attempt to reach an agreement to proceed in this manner." *Id*. To the extent the S.E.C. decision would allow a deposition of a 30(b)(6) witness regarding that party's legal contentions, however, this Court does not concur with that opinion.

responses, inclusive of references to expert reports, and the factual and evidentiary basis for each and the supporting witnesses for each and substance of their testimony.

(Doc. 94, at 8.) In its underlying motion, Defendant objected that the topic is inappropriate because "the experts will be made available for depositions" (Doc. 129, at 18) and the Court agreed that these lines of inquiry are more appropriately raised with designated experts (Doc. 141, at 22).

The Court also found that requiring Defendant to provide a corporate deponent for these topics would be unnecessarily cumulative. (*Id*., at 23.) "It is much more productive – and accurate – for the experts themselves to identify the facts upon which they relied in formulating their opinions rather than having another witness attempt to surmise as to the factual bases for the experts' opinions." (*Id*.)

Plaintiffs supply the following authority from a District of Utah case in support of their motion to reconsider this ruling.

> Corporate witnesses under Rule 30(b)(6) are representatives of the organization and are charged with testifying on behalf of the organization about facts known or reasonably known. Fed.R.Civ.P. 30(b)(6). Conversely, expert witnesses are not called upon to testify as to facts known to an organization, but are instead called upon to offer opinion based on facts provided. *See* Fed.R.Evid. 702; ***Daubert v. Merrel Dow Pharmaceuticals***, 509 U.S. 579, 589–590 (1993). Therefore, an expert witness is not suited to testify as to facts known to an organization and is not a substitute for

9

> the testimony of a Rule 30(b)(6) corporate representative.
> *See* Fed.R.Civ.P. 30(b)(6); Fed.R.Evid. 702.

*MP NexLevel, LLC v. Codale Elec. Supply, Inc.*, No. 08-727-CW-PMW, 2012 WL 2368138, at *2 (D. Utah 2012) (citation omitted). The Court does not dispute the validity of this legal conclusion. That stated, it is inapplicable to the issue before the Court.

In the case cited by Plaintiffs, the defendant sought a representative of the corporate plaintiff to testify regarding information "'known or reasonably available'" to plaintiff regarding "the facts underlying [plaintiff's] allegations of damages." *Id.*, at *1, *2 (citing Fed.R.Civ.P. 30(b)(6)). In the matter at bar, Plaintiffs are seeking a corporate representative to testify not as to what is known by the corporate Defendant, but rather as to the "factual contentions, legal positions, defenses, and claims of comparative fault" that form the basis of Defendant's expert disclosures or expert reports. (Doc. 94, at 8.) The Court finds this request to be duplicative, unnecessary, and unconstructive. The Court fails to see the benefit or evidentiary value of one witness testifying as to the factual basis for the opinions of another witness – particularly when the witness who has the opinions will also be available to testify.

Plaintiffs contend they "are not attempting to 'identify the facts upon which [the experts] relied in formulating their opinions,' nor are they attempting to get a corporate representative to 'surmise as to the factual bases for the experts'

opinions.'" (Doc. 143, at 12 (citing Doc. 141, p. 22)).) Rather, Plaintiffs contend they "seek to tie down the corporation as to its own understanding of the facts, legal positions, defenses, and claims of comparative fault cited in Defendant's expert disclosures, including all such information "referenced **in Defendant's discovery responses**," and "the **factual and evidentiary basis for each** and the **supporting witnesses for each**." (*Id*., at 12-13 (citing Doc. 118, p. 8, (emphasis supplied by Plaintiffs)).) The Court fails to see the distinction.

Regardless of how Plaintiffs attempt to spin this topic, they are not seeking to determine the "knowledge of the organization." Plaintiffs are seeking to depose Defendant's corporate representative regarding Defendant's understanding of the "factual contentions, legal positions, defenses, and claims of comparative fault raised in Defendant's expert disclosures or expert reports … inclusive of references to expert reports, and the factual and evidentiary basis for each … ." (Doc. 94, at 8.) The testimony sought boils down to the basis for Defendant's experts' opinions and how Defendant's experts formed their opinions. As argued by Defendant, "[t]he topic was specifically aimed at requiring a corporate deponent to testify about what Defendant's experts relied upon." (Doc. 148, at 8.) The

Court agrees. This topic clearly should be left to Defendant's experts. Plaintiffs' motion is **DENIED** as to Topic 18.[3]

### E. Standard of Care (Topic 20).

Topic 20 seeks testimony as to the "standard of care … defendant believes applied to the provision of care" to decedent. (Doc. 94, at 8.) In the underlying motion, Defendant objected that this "is not the purpose of a Rule 30(b)(6) deposition." (Doc. 129, at 19.) In the underlying Order, the Court agreed, holding that "[i]ssues relating to standard of care will be addressed by the appropriately trained and educated medical experts and professionals." (Doc. 141, at 24.) The Court continued that

> [t]o the extent a party 'should presumably be aware of its own standard of care,' as argued by Plaintiffs (Doc. 137, at 12), the Court still finds that providing a corporate deponent on this topic is unnecessarily cumulative and duplicative given the expert reports, expert depositions, and opportunity to depose health care professionals in this case.

(*Id.*) Plaintiffs ask the Court to reconsider this decision, characterizing their request as "legitimate" and having a "valid basis. (Doc. 143, at 15.)

---

[3] The Court clarifies, however, that Plaintiffs are entitled to depose a corporate representative about Defendant's knowledge of the facts at issue in this case. Obviously, this would include facts of which Defendant's experts are also aware and upon which those experts may have relied.

Plaintiffs cite cases from District Courts in Georgia, Washington, Nevada, the District of Columbia, and West Virginia in support of their argument. (*See* Doc. 143, at 14-16.) Plaintiffs argue that "[o]ther courts have recognized that standard of care questions are fair, proper lines of inquiry in a 30(b)(6) deposition." (*Id.*, at 15.) Further, as noted by Defendant, "the majority of the cases cited do not stand for the proposition that testimony regarding the healthcare standard of care is a proper subject for inquiry to a corporate deponent." (Doc. 148, at 9.) The Court is not persuaded by Plaintiffs' argument and **DENIES** the motion to reconsider as to Topic 20.

### III. Plaintiffs' Supplemental Authority.

Five days after filing their motion, Plaintiffs supplied the Court with what they consider to be "pertinent supplemental authority." (Doc. 146.) Plaintiffs cite cases from the District of Colorado and the District of New Mexico for the proposition that Fed.R.Civ.P. 32(a)(3) allows for a deposition of a Rule 30(b)(6) designee "to be used for any purpose at trial." (Doc. 146 (citing ***Coldwell v. RITECorp Envtl. Prop. Sols.***, No. 16-1998-NYW, 2018 WL 5043904, at *8 (D. Colo. October 17, 2018); ***United States v. Regents of New Mexico State Univ.***, No. 16-911-JAP-LF, 2018 WL 4760664, *4 (D. N.M., October 1, 2018)). Plaintiffs argue that the "qualitatively superior" nature of such testimony negates

the Court's determination that the testimony would be cumulative of other discovery or testimony in this case. *Id.*

The Court has already found that Topic 19, which had previously been determined to be cumulative of Topic 1, should be reinstated. *See* Section II. A., *supra*. Topics 18 and 20 are the other two topics at issue that the Court initially found to be cumulative of expert discovery in this case. The Court will thus provide additional analysis as to these two topics in the context of Plaintiffs' supplemental authority.

As discussed above, Topic 18 sought a corporate representative as to factual contentions, legal positions, defenses, and claims of comparative fault raised in Defendant's expert disclosures or expert reports. (Doc. 94, at 8.) This Court found the subject to be cumulative because the expert witnesses would be available for depositions. (Doc. 141, at 23.) The main reason the Court quashed this topic, however, is because "these lines of inquiry are more appropriately raised with designated experts." (*Id.*, at 22.) "It is much more productive – and accurate – for the experts themselves to identify the facts upon which they relied in formulating their opinions rather than having another witness attempt to surmise as to the factual bases for the experts' opinions." (*Id.*, at 23.) The supplemental authority provided by Plaintiffs does not persuade the Court to come to a different

conclusion. Additionally, for the reasons stated in part D, *supra*, "legal positions," like legal contentions, are not appropriate for a Rule 30(b)(6) deposition.

Topic 20 sought a Rule 30(b)(6) deponent regarding the "standard of care … defendant believes applied to the provision of care" to decedent. (Doc. 94, at 8.) The Court noted that it would be cumulative for a corporate representative to provide testimony on this subject given the expert testimony in this case. (Doc. 141, at 24.) Again, however, this was not the primary reason for the Court to quash this topic. Rather, in the underlying Order, the Court held that it would be more appropriate for issues relating to standard of care to be addressed by the appropriately trained and educated medical experts and professionals. (*Id*.) Again, Plaintiffs have not persuaded the Court to reconsider this determination. Plaintiffs' motion is **DENIED** in this regard.

IV. **Scheduling Issues.**

The 30(b)(6) deposition(s) at issue are to proceed on March 15 and/o4 15, 2019. Defendant contends that "if the Court modifies its prior Protective Order, the depositions may need to be moved to allow defense counsel to prepare a corporate representative on any new or additional topics." (Doc. 148, at 11.) Given the limited modification to the Court's prior Order, there are no "new topics" for which a deponent must be prepared. The depositions will occur as scheduled.

**IT IS THEREFORE ORDERED** that Plaintiffs' to Reconsider (Doc. 143) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

IT IS SO ORDERED.

Dated this 22nd day of February, 2019, at Wichita, Kansas.

s/ Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE